**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT**
**SENTENCE BY A PERSON IN FEDERAL CUSTODY**

RECEIVED

2001 MAR 22  A 9: 44

DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| United States District Court | District |  |
|---|---|---|
| Name (under which you were convicted): |  | Docket or Case No.: 1:07CV253 - mef |

| Place of Confinement: | Prisoner No.: |
|---|---|
| ~~LIMESTONE CORRECTIONAL FACILITY~~ | |

| UNITED STATES OF AMERICA | Movant (include name under which convicted) |
|---|---|
| v. | CHARLIE MAYES |

**MOTION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
   **MONTGOMERY FEDERAL COURT** _____

   (b) Criminal docket or case number (if you know): **CASE NO.# 05-000-12-cr-DS**

2. (a) Date of the judgment of conviction (if you know): **MARCH !!TH,      2006**

   (b) Date of sentencing: **MARCH 8th, 2006**

3. Length of sentence: ~~**FIVE (5), Years**~~

4. Nature of crime (all counts): **"Possession Of A Fire-Arm"**

   _____
   _____
   _____
   _____

5. (a) What was your plea? (Check one)

   (1) Not guilty ☒          (2) Guilty ☐          (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? **"Petitioner Plead Not**
   **Guilty To Possession of A Fire-Arm, Because The Petitioner Had**
   **No Knowledge That The Gun Was Present And Or In His Possession."**

   _____
   _____

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ☒     Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ☒

8. Did you appeal from the judgment of conviction?        Yes ☑        No ☐

9. If you did appeal, answer the following:

    (a) Name of court: _THE ELEVENTH Circuit_

    (b) Docket or case number (if you know): _CASE NO.# 06-11650-D_

    (c) Result: _Affirm in Part_

    (d) Date of result (if you know): _About 2006_

    (e) Citation to the case (if you know): _Don't Know_

    (f) Grounds raised: _NO.# I "Whether THE DisTricT CourT Erred in Denying Mr. Mayes Motion for A Judgment of Acquittal._

    _NO. II. "Whether THE DisTricT CourT AppropinTely Considered Mr. Mayes Mental Condition in ArriVing At A SenTence in THE CASE._

    (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐  No ☑

        If "Yes," answer the following:

        (1) Docket or case number (if you know): _N/A_

        (2) Result: _N/A_

                _N/A_

        (3) Date of result (if you know): _N/A_

        (4) Citation to the case (if you know): _N/A_

        (5) Grounds raised: _N/A_

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☑  No ☐

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: _Middle DisTricT_

        (2) Docket or case number (if you know): _CASE NO.# 05-00012-Cr-D-S_

        (3) Date of filing (if you know): _February 7th, 2007_

        (4) Nature of the proceeding: _NUnc Pro Tunc_

        (5) Grounds raised: _26, 12(c) To Run Federal SenTence_

Concurrently with STATE Conviction.

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

    Yes ☐  No ☑

(7) Result: _STill Pending in Federal Couet_____

(8) Date of result (if you know): _____N/A_____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____N/A_____

(2) Docket or case number (if you know): _____N/A_____

(3) Date of filing (if you know): _____N/A_____

(4) Nature of the proceeding: _____N/A_____

(5) Grounds raised: _____N/A_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

    Yes ☐  No ☑

(7) Result: _____N/A_____

(8) Date of result (if you know): _____N/A_____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:    Yes ☐  No ☑

    (2) Second petition:   Yes ☐  No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

_____N/A_____

_____N/A_____

_____N/A_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** *THE Court Failed To Evaluate Petitioner Mental Condition before Court And at Sentencing.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____ *N/A* _____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____ *N/A* _____

Name and location of the court where the motion or petition was filed: _____ *N/A* _____

Docket or case number (if you know): _____ *N/A* _____

Date of the court's decision: _____ *N/A* _____

Result (attach a copy of the court's opinion or order, if available): _____ *N/A* _____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue:_____ N/A _____

_____ N/A _____

_____ N/A _____

_____ N/A _____

**GROUND TWO:** _THE COURT ERRED in DENYing Mr. MAYES_

_Motion FOR A Judgement OF Acquittal_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _Mr. MAYES_
_defense Counsel moved FOR A finding of NOT guilty At The_
_Conclusion of The Government's CASE, He renewed his motion at_
_THE Conclusion of All evidence Presented And Prior To the_
_CASE going to the Jury. Both motions were denied by_
_THE trial Court. Mr. MAYES submits such denials were_
_reversible error._

_____

_____

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑   No ❑

(2) If you did not raise this issue in your direct appeal, explain why: _____ N/A _____

_____ N/A _____

_____ N/A _____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____ N/A _____ N/A _____

Name and location of the court where the motion or petition was filed: ____ N/A ____

_____ N/A _____

Docket or case number (if you know): _____ N/A ____

Date of the court's decision: _____ N/A _____

Result (attach a copy of the court's opinion or order, if available): ____ N/A ____

_____ N/A _____ N/A _____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____ N/A ____ N/A ____

_____

Docket or case number (if you know): ____ N/A ____

Date of the court's decision: _____ N/A _____

Result (attach a copy of the court's opinion or order, if available): ____ N/A ____

_____ N/A _____ N/A _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue: _____ N/A ____ N/A ____ N/A ____

_____ N/A _____ N/A _____

**GROUND THREE:** _____ N/A ____ N/A ____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): __ N/A __

_____ N/A _____

_N/A_
_N/A_
_N/A_
_N/A_
_N/A_
_N/A_
_N/A_
_N/A_

**(b) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why: _N/A_ _N/A_

_N/A_

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _N/A_

Name and location of the court where the motion or petition was filed: _N/A_

_N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available): _N/A_

_N/A_

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_

_N/A_

Docket or case number (if you know): _N/A_

_N/A_

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): _____ *N/A* _____

_____ *N/A* _____

_____ *N/A* _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue: _____ *N/A* _____

_____ *N/A* _____

_____ *N/A* _____

_____ *N/A* _____

_____ *N/A* _____

**GROUND FOUR:** _____ *N/A* _____

_____ *N/A* _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____ *N/A* _____

_____ *N/A* _____

_____ *N/A* _____

_____ *N/A* _____

_____ *N/A* _____

_____ *N/A* _____

_____ *N/A* _____

_____ *N/A* _____

_____ *N/A* _____

(b) **Direct Appeal of Ground Four:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?

  Yes ☐  No ☑

  (2) If you did not raise this issue in your direct appeal, explain why: _____ *N/A* _____

  _____ *N/A* _____

  _____ *N/A* _____

(c) **Post-Conviction Proceedings:**

  (1) Did you raise this issue in any post-conviction motion, petition, or application?

  Yes ☐  No ☑

  (2) If your answer to Question (c)(1) is "Yes," state: _____ *N/A* _____

  Type of motion or petition: _____ *N/A* _____

  Name and location of the court where the motion or petition was filed: _____ *N/A* _____

  _____ *N/A* _____

  Docket or case number (if you know): _____ *N/A* _____

  _____ *N/A* _____

  Date of the court's decision: _____ *N/A* _____

Result (attach a copy of the court's opinion or order, if available): _____ N/A _____

_____ N/A _____ N/A _____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐ No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐ No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐ No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____ N/A _____ N/A _____

Docket or case number (if you know): _____ N/A _____

Date of the court's decision: _____ N/A _____

Result (attach a copy of the court's opinion or order, if available): _____ N/A _____

_____ N/A _____ N/A _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue: _____ N/A _____ N/A _____

_____ N/A _____ N/A _____

_____ N/A _____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which N/A

ground or grounds have not been presented, and state your reasons for not presenting them: _____ N/A _____

_____ N/A _____ N/A _____

_____ N/A _____ N/A _____

_____ N/A _____ N/A _____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the

judgment you are challenging? Yes ☑ No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

issues raised. Montgomery Federal Court, Case No.

1:05-CR-12-MEF, "Nunc Pro Tunc" 26.12(c)

Run Federal Conviction and Sentence Concurrently with

*With STATE Time.*

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: *Kevin L. Butler And Donnie Wayne Bethel*

(b) At arraignment and plea: *Kevin L. Butler and Donnie Wayne Bethel*

(c) At trial: *Kevin L. Butler And Donnie Wayne Bethel*

(d) At sentencing: *Kevin L. Butler And Donnie Wayne Bethel*

(e) On appeal: *Everett M. Urech*

(f) In any post-conviction proceeding: *N/A*

(g) On appeal from any ruling against you in a post-conviction proceeding: *N/A*
*N/A*
*N/A*

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☐ No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☑ No ☐

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____
*Houston County, Dothan, Alabama*

(b) Give the date the other sentence was imposed: *Dec. 1991*

(c) Give the length of the other sentence: *25 - years*

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐ No ☑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

_If This Court is of The Essence That Petitioner's Statute of limitations, He was waiting Til The final Ruling on His Appeal Case No # 06-11650-D._

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

   A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
   (1) the date on which the judgment of conviction became final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: _To BE Release, because, Petitioner Has A mental Problem, And Schizophrenic_

or any other relief to which movant may be entitled.

_Charlie Mayes #141329_
.. Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on __3/6/07__ _____ (month, date, year).

Executed (signed) on __3/6/07__ (date).

_Charlie Mayes #14329_
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____N/A_____
_____
_____

* * * * *

Mr. CHarlie Mates #141379
R8779 Nick Davis Rd
HARUEST, ALABAMA
35749

Clerk, United States District Court For The Middle District
Of ALABAMA
P.O. Box 711
Montgomery, ALABAMA
36101



AO 245B    (Rev. 06/05) Judgment in a Criminal Case
      Sheet 1

# UNITED STATES DISTRICT COURT

|  |  |  |
|---|---|---|
| **MIDDLE** | District of | **ALABAMA** |

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| **CHARLIE MAYES** | |

Case Number:     **1:05CR12-JFD**

USM Number:    **11602-002**

**Kevin L. Butler**
Defendant's Attorney

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

X was found guilty on count(s)    **1 of the Indictment by a Jury on 8/10/2005**
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| **18:922(g)(1)** | **Unlawful Transport of Firearms, etc.** | **8/2/2004** | **1** |

    The defendant is sentenced as provided in pages 2 through ____**6**____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**March 8, 2006**
Date of Imposition of Judgment

Signature of Judge

**JOEL F. DUBINA, UNITED STATES CIRCUIT JUDGE**
Name and Title of Judge

3│9│06
Date

AO 245B    (Rev. 06/05) Judgment in Criminal Case
          Sheet 2 — Imprisonment

Judgment — Page __2__ of __6__

DEFENDANT:        **CHARLIE MAYES**
CASE NUMBER:      **1:05CR12-JFD**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**Sixty (60) months.  This sentence shall be served consecutively to the sentence defendant is now serving.**

X The court makes the following recommendations to the Bureau of Prisons:

**The Court recommends that defendant be designated to a facility where Intensive Residential Substance Abuse Treatment and Mental Health Treatment are available.**

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐   at _____ ☐ a.m.  ☐ p.m.    on _____ .

☐   as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐   before 2 p.m. on _____ .

☐   as notified by the United States Marshal.

☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
        Sheet 3 — Supervised Release

DEFENDANT:    **CHARLIE MAYES**
CASE NUMBER:    **1:05CR12-JFD**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

## Three (3) years.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

|  | Judgment—Page    4    of    6 |
|---|---|

DEFENDANT:    **CHARLIE MAYES**
CASE NUMBER:    **1:05CR12-JFD**

# SPECIAL CONDITIONS OF SUPERVISION

**Defendant shall participate in drug testing and treatment and shall contribute to the cost of any treatment based on ability to pay and availability of third party payments.**

**Defendant shall participate in mental health treatment. Defendant shall contribute to the cost of any treatment based on ability to pay and availability of third party payments.**

**Defendant shall submit to a search of his person, residence, office or vehicle pursuant to the search policy of this Court.**

Judgment — Page __5__ of __6__

DEFENDANT:          **CHARLIE MAYES**
CASE NUMBER:     **1:05CR12-JFD**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $   100.00 | $ 0 | $ 0 |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ 0 | $ 0 | |

☐  Restitution amount ordered pursuant to plea agreement   $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐  the interest requirement is waived for the    ☐  fine   ☐  restitution.

    ☐  the interest requirement for the    ☐  fine   ☐  restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page    6    of    6   

DEFENDANT:     **CHARLIE MAYES**
CASE NUMBER:     **1:05CR12-JFD**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**    X    Lump sum payment of $    __100.00__    due immediately, balance due

     ☐   not later than _____ , or
     X   in accordance    ☐ C,    ☐ D,    ☐ E, or    X F below; or

**B**    ☐    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**    X    Special instructions regarding the payment of criminal monetary penalties:

     **Criminal monetary payments shall be made payable to the Clerk, U.S. District Court, Middle District of Alabama, P.O. Box 711, Montgomery, AL 36101.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# U.S. District Court
## Alabama Middle District (Dothan)
### CRIMINAL DOCKET FOR CASE #: 1:05-cr-00012-MEF-DRB-ALL
### Internal Use Only

Case title: USA v. Mayes                    Date Filed: 01/06/2005

Assigned to: Hon. Chief Judge Mark E.
Fuller
Referred to: Honorable Delores R. Boyd

**Defendant**

**Charlie Mayes (1)**
*TERMINATED: 03/09/2006*

represented by **Federal Defender**
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 1960
Montgomery, AL 36104
334-834-2099
Fax: 834-0353
Email: ECFCMALM@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Kevin L. Butler**
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
334-834-2099
Fax: 834-0353
Email: kevin_butler@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donnie Wayne Bethel**
Federal Defenders
201 Monroe Street
Suite 407
Montgomery, AL 36104
334-834-2099
Fax: 834-0358

Email: don_bethel@fd.org
*ATTORNEY TO BE NOTICED*

**Pending Counts**                          **Disposition**

18:922(g)(1); UNLAWFUL
TRANSPORT OF FIREARMS, ETC.;
NMT $250,000 [*]; NMT 10Y or B;            60 Mos Imp; 3 Yrs Sup Rel; $100 SA
NMT 3Y SUP REL; $100 SA;
G-LINES; VWPA
(1)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                       **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                              **Disposition**

None

---

**Plaintiff**

**USA**                            represented by **Susan R. Redmond**
                                                U.S. Attorney's Office
                                                PO Box 197
                                                Montgomery, AL 36101-0197
                                                334-223-7280
                                                Fax: 223-7560
                                                Email: susan.redmond@usdoj.gov
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/06/2005 | 1 | INDICTMENT as to Charlie Mayes (1) count(s) 1. (kcg, ) (Entered: 01/10/2005) |
| 01/06/2005 | 2 | Limits of Punishment as to Charlie Mayes: (kcg, ) (Entered: 01/10/2005) |
| 01/10/2005 | 3 | Arrest Warrant Issued as to Charlie Mayes. (kcg, ) (Entered: 01/10/2005) |

| 01/12/2005 | ⊕ | Case unsealed per USM's Service notice of detainer with DOC (Kilby) as to Charlie Mayes (kcg, ) (Entered: 01/12/2005) |
|---|---|---|
| 01/12/2005 | | ***Location start (LO) as to Charlie Mayes (kcg, ) (Entered: 01/12/2005) |
| 01/26/2005 | ⊕4 | NOTICE of Speedy Trial letter by Charlie Mayes and appointment of attorney. (kcg, ) (Entered: 01/26/2005) |
| 02/04/2005 | ⊕5 | MOTION for Writ of Habeas Corpus ad prosequendum by USA as to Charlie Mayes. (Attachments: # 1)(Redmond, Susan) (Entered: 02/04/2005) |
| 02/04/2005 | ⊕6 | ORDER granting 5 Motion for Writ of Habeas Corpus ad prosequendum as to Charlie Mayes (1). Signed by Judge Delores R. Boyd on 2/4/05. (kcg, ) (Entered: 02/04/2005) |
| 02/04/2005 | ⊕7 | Writ of Habeas Corpus ad Prosequendum Issued as to Charlie Mayes for 2/23/05arraignment. (kcg, ) (Entered: 02/04/2005) |
| 02/04/2005 | ⊕ | Set/Reset Hearings as to Charlie Mayes: Arraignment set for 2/23/2005 10:00 AM in Courtroom 4B before Honorable Charles S. Coody. (kcg, ) (Entered: 02/04/2005) |
| 02/07/2005 | ⊕8 | NOTICE of Speedy Trial Request by Charlie Mayes forwarded by U.S. Marshal's Service. (kcg, ) (Entered: 02/07/2005) |
| 02/14/2005 | 9 | Arrest Warrant Returned Executed on 2/14/05 as to Charlie Mayes. (kcg, ) (Entered: 02/22/2005) |
| 02/23/2005 | ⊕10 | Minute Entry for proceedings held before Judge Charles S. Coody :Arraignment as to Charlie Mayes (1) Count 1 held on 2/23/2005; Initial Appearance as to Charlie Mayes held on 2/23/2005; Plea entered by Charlie Mayes (1) Not Guilty on count 1. (Recording Time FTR: 11:58 - 12:01.) (ws) (Entered: 02/23/2005) |
| 02/23/2005 | 11 | CJA 23 Financial Affidavit by Charlie Mayes (ws) (Entered: 02/23/2005) |
| 02/23/2005 | ⊕ | ORAL ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Charlie Mayes. Appointed counsel shall file a notice of appearance with this court. Signed by Judge Charles S. Coody on 2/23/05. (ws, ) (Entered: 02/23/2005) |
| 02/24/2005 | ⊕12 | ORDER ON ARRAIGNMENT Pretrial Conference set for 3/21/2005 11:00 AM in Courtroom 4A before Honorable Delores R. Boyd. Jury Trial set for 4/18/2005 before Hon. Chief Judge Mark E. Fuller. Pretrial Motions due by 3/16/2005. Response to Motion due by 3/31/2005. Discovery due by 3/11/2005.. Signed by Judge Delores R. Boyd on 2/24/05. (kcg, ) (Entered: 02/24/2005) |
| 03/03/2005 | ⊕13 | NOTICE OF ATTORNEY APPEARANCE: Kevin L. Butler appearing for Charlie Mayes (Butler, Kevin) (Entered: 03/03/2005) |

| 03/21/2005 | ⬤14 | Minute Entry for proceedings held before Judge Delores R. Boyd :Pretrial Conference as to Charlie Mayes held on 3/21/2005 (Recording Time FTR: 11:08 - 11:12 am.) (sql, ) (Entered: 03/21/2005) |
|---|---|---|
| 03/22/2005 | ⬤15 | PRETRIAL CONFERENCE ORDER as to Charlie Mayes Jury Trial (which is expected to last one day) is set for 4/18/2005 before Hon. Chief Judge Mark E. Fuller. Jury Selection set for 4/18/2005 before Hon. Chief Judge Mark E. Fuller. Voir Dire due by 4/11/2005; Proposed Jury Instructions due by 4/11/2005; Motions in Limine due by 4/11/2005; Plea Agreement due by 4/11/2005. Signed by Judge Delores R. Boyd on 3/22/05. (kcg, ) (Entered: 03/22/2005) |
| 03/23/2005 | ⬤16 | MOTION to Continue trial *(Unopposed)* by Charlie Mayes. (Attachments: # 1 Waiver of Speedy Trial)(Butler, Kevin) (Entered: 03/23/2005) |
| 03/30/2005 | ⬤17 | ORDER TO CONTINUE - Ends of Justice as to Charlie Mayes GRANTING 16 MOTION to Continue trial *(Unopposed)* filed by Charlie Mayes. Jury Trial is continued from 4/18/2005 to 7/25/2005 before Hon. Chief Judge Mark E. Fuller. The Magistrate Judge shall conduct a pretrial conference prior to the July 25, 2005 trial term. Signed by Judge Mark E. Fuller on 3/30/05. (kcg, ) (Entered: 03/30/2005) |
| 04/12/2005 | ⬤18 | ORDER as to Charlie Mayes that pursuant to the Order continuing this case for trial on the July 25, 2005 criminal term (Doc. 17, March 30, 2005), it is ORDERED that a Supplemental Pretrial Conference be set for 7/6/2005 11:00 AM in Courtroom 4A before Honorable Delores R. Boyd. Signed by Judge Delores R. Boyd on 4/12/05. (kcg, ) (Entered: 04/12/2005) |
| 04/15/2005 | ⬤19 | ORDER as to Charlie Mayes Jury Trial is continued from 7/25/2005 to 8/1/2005 before Hon. Chief Judge Mark E. Fuller . Signed by Judge Mark E. Fuller on 4/15/05. (kcg, ) (Entered: 04/15/2005) |
| 07/06/2005 | ⬤20 | Minute Entry for proceedings held before Judge Delores R. Boyd :Pretrial Conference as to Charlie Mayes held on 7/6/2005 (Recording Time FTR: 11:02 - 11:04 am.) (sql, ) (Entered: 07/06/2005) |
| 07/25/2005 | ⬤23 | Proposed Voir Dire by Charlie Mayes (Butler, Kevin) (Entered: 07/25/2005) |
| 07/25/2005 | ⬤24 | Proposed Jury Instructions by Charlie Mayes (Butler, Kevin) (Entered: 07/25/2005) |
| 07/25/2005 | ⬤25 | Proposed Jury Instructions by USA as to Charlie Mayes (Redmond, Susan) (Entered: 07/25/2005) |
| 07/25/2005 | ⬤26 | Proposed Voir Dire by USA as to Charlie Mayes (Redmond, Susan) (Entered: 07/25/2005) |
| 07/25/2005 | ⬤27 | MOTION in Limine by Charlie Mayes. (Butler, Kevin) (Entered: 07/25/2005) |

| | | |
|---|---|---|
| 07/26/2005 | 🔘 | Case as to Charlie Mayes Reassigned to Judge Joel F. Dubina. Judge Mark E. Fuller no longer assigned to the case. (kcg, ) (Entered: 07/26/2005) |
| 07/26/2005 | 🔘29 | RESPONSE to Motion by USA as to Charlie Mayes re 27 MOTION in Limine (Redmond, Susan) (Entered: 07/26/2005) |
| 07/28/2005 | 🔘31 | NOTICE OF ATTORNEY APPEARANCE: Donnie Wayne Bethel appearing for Charlie Mayes (Bethel, Donnie) (Entered: 07/28/2005) |
| 07/29/2005 | 🔘32 | Proposed Jury Instructions by USA as to Charlie Mayes (Redmond, Susan) (Entered: 07/29/2005) |
| 08/01/2005 | 🔘 | Minute Entry for proceedings held before Judge Mark E. Fuller :Voir Dire begun on 8/1/2005 Charlie Mayes (1) on Count 1 (Court Reporter James R. Dickens.) (kcg, ) (Entered: 08/04/2005) |
| 08/01/2005 | 🔘36 | Minute Entry for proceedings held before Judge Mark E. Fuller :Jury Selection as to Charlie Mayes held on 8/1/2005 (Court Reporter James R. Dickens.) (kcg, ) (Entered: 08/04/2005) |
| 08/04/2005 | 🔘35 | MOTION in Limine by Charlie Mayes. (Butler, Kevin) (Entered: 08/04/2005) |
| 08/08/2005 | 🔘37 | MOTION to Quash Subpoena by Alabama Board of Pardons and Paroles and the Board and Probation Officer as to Charlie Mayes. (kcg, ) (Entered: 08/09/2005) |
| 08/09/2005 | 🔘38 | ORDER DENYING 37 Motion to Quash as to Charlie Mayes (1). The Alabama Board of Pardons and Paroles is further ORDERED and DIRECTED to produce by fax instanter to the Clerk of the United States District Court Clerk's Office at 334-954-3615 the written Report of Parole Violation prepared by Tommy Scarborough regarding the August 8, 1997, parole violation of Charles Mayes. After use by the defense counsel in its cross-examination of Thomas Scarborough, the Clerk of the District Court is ORDERED and DIRECTED to destroy said documents. Signed by Judge Joel F. Dubina on 8/9/05. (kcg, ) (Entered: 08/09/2005) |
| 08/09/2005 | 🔘39 | Minute Entry for proceedings held before Judge Joel F. Dubina :Jury Trial as to Charlie Mayes held on 8/9/2005 (Court Reporter Risa L. Entrekin.) (Attachments: # 1 Defendant Exhibit List# 2 Government Exhibit List# 3 Witness List) [Exhibits maintained w/file in separate binder] (kcg, ) (Entered: 08/10/2005) |
| 08/09/2005 | 🔘 | ORAL ORDER as to Charlie Mayes CONDITIONALLY GRANTING 27 MOTION in Limine filed by Charlie Mayes, and 35 MOTION in Limine filed by Charlie Mayes . Signed by Judge Joel F. Dubina on 8/9/05. (kcg, ) (Entered: 08/10/2005) |
| 08/09/2005 | 🔘 | ORAL MOTION to Invoke the Witness Rule by Charlie Mayes. (kcg, ) (Entered: 08/10/2005) |

| 08/09/2005 | ⊜ | ORAL ORDER as to Charlie Mayes GRANTING ORAL MOTION to Invoke the Witness Rule filed by Charlie Mayes. Signed by Judge Joel F. Dubina on 8/9/05. (kcg, ) (Entered: 08/10/2005) |
|---|---|---|
| 08/09/2005 | ⊜ | ORAL MOTION for Judgment of Acquittal Pursuant to Rule 29 by Charlie Mayes. (kcg, ) (Entered: 08/10/2005) |
| 08/09/2005 | ⊜ | ORAL ORDER as to Charlie Mayes DENYING ORAL MOTION for Judgment of Acquittal filed by Charlie Mayes . Signed by Judge Joel F. Dubina on 8/9/05. (kcg, ) (Entered: 08/10/2005) |
| 08/10/2005 | ⊜ | ORAL MOTION for Judgment of Acquittal Pursuant to Rule 29 by Charlie Mayes. (kcg, ) (Entered: 08/10/2005) |
| 08/10/2005 | ⊜ | ORAL ORDER as to Charlie Mayes DENYING ORAL MOTION for Judgment of Acquittal Pursuant to Rule 29 filed by Charlie Mayes. Signed by Judge Joel F. Dubina on 8/10/05. (kcg, ) (Entered: 08/10/2005) |
| 08/10/2005 | ⊜ | RENEWED ORAL MOTION for Judgment of Acquittal Pursuant to Rule 29 by Charlie Mayes. (kcg, ) (Entered: 08/10/2005) |
| 08/10/2005 | ⊜ | ORAL ORDER as to Charlie Mayes DENYING RENEWED ORAL MOTION for Judgment of Acquittal Pursuant to Rule 29 filed by Charlie Mayes . Signed by Judge Joel F. Dubina on 8/10/05. (kcg, ) (Entered: 08/10/2005) |
| 08/10/2005 | ⊜40 | Defendant's Requested Jury Instructions by Charlie Mayes (kcg, ) (Entered: 08/11/2005) |
| 08/10/2005 | ⊜41 | Government's Requested Jury Instructions by USA as to Charlie Mayes (kcg, ) (Entered: 08/11/2005) |
| 08/10/2005 | ⊜42 | Government's Supplemental Jury Instructions by USA as to Charlie Mayes (kcg, ) (Entered: 08/11/2005) |
| 08/10/2005 | ⊜43 | Court's Instructions to the Jury as to Charlie Mayes (kcg, ) (Entered: 08/11/2005) |
| 08/10/2005 | ⊜44 | JURY VERDICT as to Charlie Mayes (1) Guilty on Count 1. (kcg, ) (Entered: 08/11/2005) |
| 08/11/2005 | ⊜45 | Minute Entry for proceedings held before Judge Mark E. Fuller :Status Conference as to Charlie Mayes held on 8/11/2005 regarding sentencing (Court Reporter James R. Dickens.) (kcg, ) (Entered: 08/11/2005) |
| 08/11/2005 | ⊜46 | NOTICE of Correction re 45 Status Conference. This Notice of Correction was filed in the referenced case this date to strike the PDF document #45. This document was filed in the wrong case. (kcg, ) (Entered: 08/11/2005) |
| 08/17/2005 | ⊜47 | MOTION for New Trial by Charlie Mayes. (kcg, ) (Entered: 08/17/2005) |
| 08/17/2005 | ⊜48 | MOTION for Extension of Time to File *Motion for New Trial and Motion for Judgment of Acquittal* by Charlie Mayes. (Butler, Kevin) (Entered: |

| | | 08/17/2005) |
|---|---|---|
| 08/17/2005 | 49 | ORDER as to Charlie Mayes Sentencing set for 10/19/2005 10:00 AM before Honorable Joel F. Dubina. On or before September 28, 2005, the defendant and the Government shall communicate in writing to the probation officer, and to each other, any objections they have, etc. That, unless excused in writing by the Chief U.S. Probation Officer of this district, counsel for the parties shall be available for a conference with the probation officer on October 5, 2005, at 9:00 a.m., to discuss and resolve, if possible, factual and legal issues contained in the presentence report, as further set out. Signed by Judge Joel F. Dubina on 8/17/05. (kcg, ) (Entered: 08/17/2005) |
| 08/22/2005 | 50 | ORDER that upon consideration of the 48 Motion for Extension of Time to File Motion for a New Trial and Motion for Judgment of Acquittal as to Charlie Mayes (1) filed herein August 17, 2005, and for good cause shown, it is the ORDER, JUDGMENT and DECREE of this court that said request be and the same is hereby GRANTED to the extent that the time for Mayes to file his motion for new trial, etc., is extended thirty (30) days from the date of this order. Signed by Judge Joel F. Dubina on 8/22/05. (kcg, ) (Entered: 08/22/2005) |
| 09/07/2005 | | TRANSCRIPT of Proceedings as to Charlie Mayes held on 8-9-2005 & 8-10-2005 Jury Trial transcript before Judge Joel F. Dubina. Court Reporter: Risa Entrekin. (sql, ) (Entered: 09/07/2005) |
| 09/20/2005 | 51 | MOTION for Acquittal *and in the Alternative Motion for New Trial* by Charlie Mayes. (Butler, Kevin) (Entered: 09/20/2005) |
| 09/27/2005 | 52 | ORDER denying 51 Motion for Acquittal as to Charlie Mayes (1). Signed by Judge Joel F. Dubina on 9/27/05. (kcg, ) (Entered: 09/27/2005) |
| 10/05/2005 | 53 | MOTION to Continue *Sentencing (Unopposed)* by Charlie Mayes. (Butler, Kevin) (Entered: 10/05/2005) |
| 10/11/2005 | 56 | ORDER as to Charlie Mayes GRANTING 53 MOTION to Continue *Sentencing (Unopposed)* filed by Charlie Mayes. Sentencing is continued from 10/19/2005 to 12/2/2005 10:00 AM before Honorable Joel F. Dubina. Signed by Judge Joel F. Dubina on 10/11/05. (kcg, ) (Entered: 10/11/2005) |
| 11/04/2005 | 58 | MOTION to Quash or Modify Subpoena and for Protective Order by Houston Co. AL. DHR as to Charlie Mayes. (Attachments: # 1)(kcg, ) (Entered: 11/07/2005) |
| 11/14/2005 | 59 | ORDER setting Deadlines re Motion in case as to Charlie Mayes 58 MOTION to Quash MOTION for Protective Order; parties to confer not later that 11/18/2005, to reach consensus on a narrowed subpoena and an appropriate protective order for the records requested by defendant; and they are directed to file either a joint motion for entry of a protective order for the stipulated records or notice of their good-faith albeit unsuccessful attempt to reach a consensus as further set out. Responses due by |

| | | |
|---|---|---|
| | | 11/22/2005 (sql, ) Additional attachment(s) added on 11/14/2005 (djy, for sql). (Entered: 11/14/2005) |
| 11/14/2005 | ◉60 | NOTICE of Correction to attach PDF ORDER document previously omitted, see order attached (Attachments: # 1 main document to Docket Entry 59)(djy for sql) (Entered: 11/14/2005) |
| 11/17/2005 | ◉61 | MOTION to Withdraw Document *Subpoena Duces Tecum* by Charlie Mayes. (Butler, Kevin) (Entered: 11/17/2005) |
| 11/18/2005 | ◉62 | ORDER as to Charlie Mayes that pursuant to the Defendant's Withdrawal of Subpoena Duces Tecum, filed November 17, 2005 (Doc. 61), it is ORDERED that the pleading, construed as a Motion to Withdraw, is GRANTED. Accordingly, it is further ORDERED that the Motion to Quash or Modify Subpoena and for Protective order, filed by the Houston CO. Dept. of Human Resources, on November 4 (Doc. 58) is DENIED as MOOT, and the interested parties are relieved consequently from any duties imposed by the Order entered November 14 (Doc. 59) . Signed by Judge Delores R. Boyd on 11/18/05. (kcg, ) (Entered: 11/18/2005) |
| 11/29/2005 | ◉63 | MOTION to Continue *Sentencing (Unopposed)* by Charlie Mayes. (Attachments: # 1 Exhibit 1-Subpoenas)(Butler, Kevin) (Entered: 11/29/2005) |
| 12/01/2005 | ◉64 | ORDER as to Charlie Mayes GRANTING 63 MOTION to Continue *Sentencing (Unopposed)* filed by Charlie Mayes. Sentencing set for 12/2/2005 is continued to 3/1/2006 10:00 AM before Honorable Joel F. Dubina. Signed by Judge Joel F. Dubina on 12/1/05. (kcg, ) (Entered: 12/01/2005) |
| 03/01/2006 | ◉67 | Minute Entry for proceedings held before Judge Joel F. Dubina :Sentencing on 3/1/2006 as to Charlie Mayes is CONTINUED to Wednesday, March 8, 2006 at 2:00 p.m. (Court Reporter Risa L. Entrekin.) (kcg, ) (Entered: 03/01/2006) |
| 03/07/2006 | ◉ | Set/Reset Hearings as to Charlie Mayes: Sentencing is set for 3/8/2006 02:00 PM in Courtroom 2D before Honorable Joel F. Dubina. (kcg, ) (Entered: 03/07/2006) |
| 03/07/2006 | ◉70 | NOTICE *of Request for March 8, 2006, Sentencing Hearing* as to Charlie Mayes (Butler, Kevin) (Entered: 03/07/2006) |
| 03/08/2006 | ◉71 | Minute Entry for proceedings held before Judge Joel F. Dubina :Sentencing held on 3/8/2006 as to Charlie Mayes (1), Count(s) 1, 60 Mos Imp; 3 Yrs Sup Rel; $100 SA. (Court Reporter Mitchell Reisner.) (Attachments: # 1 Defendant Exhibit List) [exhibit maintained w/file in separate binder] (kcg, ) (Entered: 03/09/2006) |
| 03/08/2006 | ◉ | ORAL ORDER as to Charlie Mayes DENYING the Diminished Capacity Theory . Signed by Judge Joel F. Dubina on 3/8/06. (kcg, ) (Entered: 03/09/2006) |

| 03/09/2006 | ⊛72 | JUDGMENT as to Charlie Mayes (1), Count(s) 1, 60 Mos Imp; 3 Yrs Sup Rel; $100 SA . Signed by Judge Joel F. Dubina on 3/9/06. (kcg, ) (Entered: 03/09/2006) |
| 03/09/2006 | | ***Case Terminated as to Charlie Mayes (kcg, ) (Entered: 03/09/2006) |
| 03/09/2006 | ⊛73 | NOTICE OF APPEAL by Charlie Mayes re 72 Judgment (Butler, Kevin) (Entered: 03/09/2006) |
| 03/10/2006 | ⊛ | Transmission of Notice of Appeal and Certified copy of Docket Sheet and Judgment as to Charlie Mayes to US Court of Appeals re 73 Notice of Appeal - Final Judgment (ydw, ) (Entered: 03/10/2006) |
| 03/17/2006 | ⊛ | USCA Case Number as to Charlie Mayes 06-11650-D for 73 Notice of Appeal - Final Judgment filed by Charlie Mayes. (dmn) (Entered: 03/17/2006) |
| 04/27/2006 | ⊛74 | ORDER of USCA (certified copy) as to Charlie Mayes re 06-11650-D, 73 Notice of Appeal - Final Judgment; Attorney Kevin Butler's "Motion to Withdraw," which is construed as a motion for leave to withdraw as counsel for Appellant and for substitute counsel to be appointed is GRANTED, and new counsel Everett Urech is appointed. /s/ FRANK M. HULL, UNITED STATES CIRCUIT JUDGE (ydw, ) (Entered: 04/27/2006) |
| 05/01/2006 | ⊛75 | TRANSCRIPT REQUEST re 73 Notice of Appeal - Final Judgment filed by Everrett Urech counsel for Charlie Mayes, with following notation: "All necessary transcript(s) on file" (ydw, ) (Entered: 05/01/2006) |
| 05/04/2006 | ⊛76 | RECEIVED AMENDED TRANSCRIPT REQUEST re 73 Notice of Appeal - Final Judgment by Everett M. Urech counsel for Charlie Mayes, with following notation: "I Am Ordering A Transcript Of The Following Proceeding: Pre-Trial proceedings held on 8/1/05, before Judge Mark E. Fuller, James Dickens C/R; Trial proceedings held 8/9-11/05, before Judge Joel Dubina, Risa Entrekin and James Dickens C/R; Sentencing held on 3/8/06, before Judge Joel Dubina, Mitchell Reisner C/R. Copies furnished to Court Reporters. (ydw, ) (Entered: 05/04/2006) |
| 05/30/2006 | ⊛ | TRANSCRIPT re 73 Notice of Appeal - Final Judgment filed as to Charlie Mayes for dates of 3/8/06, Sentencing Proceeding before Judge Joel F. Dubina, Court Reporter: Mitchell Reisner. (ydw, ) (Entered: 05/30/2006) |
| 06/26/2006 | ⊛77 | CJA 24 as to Charlie Mayes: Authorization to Pay Mitchell Reisner $53.00 for 3/8/06 Sentencing Transcript . Signed by Judge Joel F. Dubina on 6/26/06. (ydw, ) (Entered: 06/27/2006) |
| 06/28/2006 | ⊛ | Certificate of Readiness to US Court of Appeals re 06-11650-D, 73 Notice of Appeal - Final Judgment (ydw, ) (Entered: 06/28/2006) |
| 07/06/2006 | ⊛78 | Defendant's BRIEF by Charlie Mayes (Urech, Everett) (Entered: 07/06/2006) |

| 08/02/2006 | ⊙79 | TRANSCRIPT re 73 Notice of Appeal - Final Judgment, of Hearing on Motion to Continue Sentencing (PDF available for court use only) filed as to Charlie Mayes for dates of 3/1/06 before Judge Joel F. Dubina, Court Reporter: Risa Entrekin. (ydw, ) (Entered: 08/03/2006) |
|---|---|---|
| 09/12/2006 | ⊙ | Request for Record on Appeal By USCA Eleventh Circuit RE: 06-11650-DD, [ 73] NOTICE OF APPEAL (ydw, ) (Entered: 09/12/2006) |
| 09/12/2006 | ⊙ | Certified and Transmitted Record on Appeal as to Charlie Mayes to US Court of Appeals re 06-11650-DD, 73 Notice of Appeal - Final Judgment (ydw, ) (Entered: 09/12/2006) |
| 09/22/2006 | ⊙ | Acknowledgement of Receipt of Record on Appeal from USCA re 06-11650-DD, 73 Notice of Appeal - Final Judgment (ydw, ) (Entered: 09/25/2006) |
| 01/30/2007 | ⊙80 | Per Curiam Opinion received from USCA Eleventh Circuit of Opinion Entered on 12/29/06; that sufficient evidence supports Mayes' conviction for being a felon in posession of a firearm. We do not have jurisdiction to review the denial of Mayes ' request for downward departure, but we conclude his sentence is reasonable. AFFIRMED IN PART, DISMISSED IN PART. (ydw, ) (Entered: 01/30/2007) |
| 01/30/2007 | ⊙81 | JUDGMENT issued as MANDATE 1/29/07 of USCA (certified copy) as to Charlie Mayes re 73 Notice of Appeal - Final Judgment; AFFIRMED IN PART, DISMISSED IN PART. (ydw, ) (Entered: 01/30/2007) |
| 01/30/2007 | ⊙ | Appeal Record Returned as to Charlie Mayes: 06-11650-DD, 73 Notice of Appeal - Final Judgment (ydw, ) (Entered: 01/30/2007) |
| 02/15/2007 | ⊙ | Case as to Charlie Mayes Reassigned to Judge Mark E. Fuller. Judge Joel F. Dubina no longer assigned to the case. (kcg, ) (Entered: 02/15/2007) |
| 02/15/2007 | ⊙82 | Pro Se MOTION for Nunc Pro Tunc Order by Charlie Mayes. (kcg, ) (Entered: 02/16/2007) |
| 02/20/2007 | ⊙83 | RESPONSE to Motion by USA as to Charlie Mayes re 82 MOTION for Nunc Pro Tunc Order (Redmond, Susan) (Entered: 02/20/2007) |
| 03/07/2007 | ⊙84 | PRO SE TRAVERSE TO RESPONSE filed on 2/20/07 by Charlie Mayes re 82 MOTION for Nunc Pro Tunc Order. (kcg, ) (Entered: 03/09/2007) |