IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLIE MAYES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07cv253-MEF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. No. 7) addressing the claims presented by petitioner Charlie Mayes in his 28 U.S.C. § 2255 motion. In its response, the government contends that the § 2255 motion is due to be denied because Mayes is entitled to no relief on the claims presented therein. Specifically, the government argues that Mayes's claim that the district court did not consider his mental condition prior to trial is procedurally barred because the claim was not before trial or on direct appeal. *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994). The government further argues that Mayes's claim that the court did not consider his mental condition in arriving at his sentence is procedurally barred because the claim was raised and disposed of on direct appeal. *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). The government also argues that Mayes's claim that the court erred in denying his motion for a judgment of acquittal is procedurally barred because it was raised and addressed on direct appeal. *Id.* In addition, the government argues that this claim lacks merit because

the evidence at trial was clearly sufficient to support Mayes's conviction.

A procedural default bars consideration of the merits of a claim unless the petitioner "can show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors." *Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990); *see also Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). However, even if the petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a petitioner's federal constitutional claim where the petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Accordingly, it is

ORDERED that on or before May 7, 2007, Mayes may file a reply to the response filed by the United States. Any documents or evidence filed after this date will not be considered by the court except upon a showing of exceptional circumstances. At any time after May 7, 2007, the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the motion as justice dictates." Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

Mayes is instructed that when responding to the assertions contained in the government's response, he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts that demonstrate that Mayes is entitled to

relief on the grounds presented in her § 2255 motion. If documents that have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When Mayes attacks the government's response by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2255 Proceedings in the United States District Courts*. Mayes is advised that upon expiration of the time for filing a response to this order, the court will proceed to consider the merits of the pending § 2255 motion pursuant to Rule 8(a).

Done this 16th day of April, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE