**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

RECEIVED
2007 APR 30 A 9:34
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

CHARLIE MAYES,
**Petitioner,**

VS. **CIVIL ACTION NO.#1:07-CV-253-MEF**

UNITED STATES OF AMERCIA,
**Respondent**

**"PETITIONER'S REPLY TO RESPONSE FILED BY THE UNITED STATES DATED APRIL 13TH, 2007"**

**COMES NOW** the petitioner, pro / se in the above styled cause and in compliance with this Court Order, motion Under 28 U.S.C. § 2255 to vacate, Set Aside, Or Correct sentence and files this his reply to the United States Of America dated April 13th, 2007:

[1]. Petitioner Mayes states for the record that the procedural history and relevant facts was submitted in the United States Response set out in its Motion to Dismiss.

[2]. Mayes raised two issues in his petition" 2255 to wit:

[A]. **"The District Court failed to evaluate petitioner's mental condition prior to conviction and sentencing in the present case;**

**(ii)**,Mayes was arraigned before United States Magistrate Judge Charles S. Cooey on February 23,2005,and at this time the judge ordered that a mental evaluation be given Mayes. Mayes sat One (1), year and a month at Montgomery City Jail to be Evaluated by the Court, and when the Court sat a time to be sentenced, the attorney had petitioner transferred from the scheduled judge The Hon: Myron H. Thompson to be sentenced before the same judge who heard the case Hon: Joel F. Dubina.

**(iii)**,"The only records that was before the court was a couple of office visits that Ms. Mayes received from Doctor Lopez Office that was presented to the court at sentencing, Mayes has been on disability every-since 1981 and the Court before sentencing Mayes could have obtain these records from the main mental health office and social security office in Dothan, Alabama.

**(iiii)**Petitioner stated in open court that Dr. Fernando Lopez should be present and it was the attorney stated that after having met with him or in my meeting with him that it is not in his best interests for him to be here, See page .6-15, where the Attorney manipulated the court and the sentencing proceeding submitted by with the United States Response to 2255 Motion.

**(v)** "If the petitioner did say that he would go ahead with the sentencing, it was because he was under stress from sitting in the Montgomery City Jail for a year and one month waiting to be evaluated, it was the court's duty to not take the petitioner's or his attorney approval but the judge who ordered the mental evaluation February 23,2005.,Judge Charles S. Coody at arraignment .Mayes was denied due process at his sentencing because, the court did have the authority to send him off to Springfield, Illinois for three months for evaluation before being sentenced, "Once it was Ordered by the Court February 23,2005.The Doctor was needed to testify before being sentenced or at court because the Court knew of the problem that Mayes was diagnose as schizophrenia which could have clearly set out the second prong in the sentencing phase and trial..

**The District Court erred in denying petitioner's motion for judgement of acquittal.**

Petitioner states that there was insufficient evidence to connect him to the gun, the only evidence the Court had was that the officer recovered the gun from the truck that was driven by Mayes, Their was testimony from an expert Officer McCoy (Tr.-59-64).

## "ARGUMENTS IN SUPPORT OF REPLY TO REPONSE"

The United States Supreme Court held in *Pate v. Robinson*, 383 U.S. 375, 15 L. Ed. 2d 815, 86 S. Ct. 836 (1966), that a mentally incompetent individual could not be tried and convicted. See also *Drope v Missouri*, 420 US 162, 171-172, 43 L Ed 2d 103, 95 S Ct 896 (1975).

In *Nicks v. State*, 783 So.2d 895 (Ala.Crim.App. 1999), cert. quashed, 783 So.2d 926 (Ala. 2000), the court recognized that a claim that a defendant was tried while mentally incompetent

could not be subject to waiver in a collateral proceeding. Cases in Alabama following Nicks have held that a claim that one was convicted while incompetent (whether guilty plea or at trial) is a jurisdictional issue. See Glass v. State, 912 So.2d 285 (Ala.Crim.App. 2004); Thomas v State, 908 So.2d 308 (Ala.Crim.App.2004).

Petitioner argues to this Court that in AKE V.OKLAHOMA, 470 U.S. 68, 80, 105 S.Ct.1087, 1094-95, 84 L.Ed.2d 53(1985), The United States Supreme Court held that psychiatric assistance must be provided to indigent defendant's when necessary for an adequate defense, or when insanity is at issue. [W]Hen the State has made the defendant's mental condition relevant to his criminal culpability and to the punishment he might suffer the assistance of a psychiatrist may well be crucial to the defendant's ability to marshal his defense. AKE, 470 U.S. at 80, 105 S. Ct. at 1095. "[W]ithout the assistance of a psychiatrist to conduct a professional examination on issues relevant to the defense is viable, to present testimony, ... The risk of an inaccurate resolution of insanity issues is extremely high. "AKE, 470 U.S. at 82,105 S.Ct.at 1096.

In Ake, one of the reasons the United States Supreme Court held that the appellant had been denied the assistance of an expert who could have introduced evidence in mitigation of imposition of life sentence. In this Case, defense counsel likewise was denied the opportunity to present evidence that may have aided the appellant's defense or that might have mitigated his punishment.

In Dill V. State, 484 so 2d 491, 497-98(Ala.Crim.App.1985), This Court discussing the duty of defense counsel to investigate a possible insanity defense. "Stated:

"Counsel has a duty to conduct a reasonable investigation of the possibility of an insanity defense where the accused has a demonstrated history of mental illness, Alvord V. Wainwright, 725 F.2d.1282, 1288-89(11th,Cir.), modified, 731 F.2d.1488 (11th.Cir.), cert. denied, 469 U.S.956, 105 S.Ct.355, 83 L.Ed.2d.291 (1984)('In a case where the sole theory of defense is one of insanity due to Alcoholism, we believe that minimally effective representation must include an investigation into the defendants past and present medical condition') Counsel has an affirmative obligation to make further inquiry where the facts known and available, or within minimal diligence accessible to defense counsel [,] raise a reasonable doubt as to the defendants mental condition. Loe V. United States, 545 F.Supp.662, 666(E.D.Va.1982), Walker V.Mitchell, 587 F.Supp.1432, 1439-40(E.D.Va.1984).

"Further Petitioner request this Honorable Court to allow him, "leave to amend Ineffective Assistance of Counsel", before it make its final ruling and if granted allow petitioner to file an additional reply to the reply filed"

Petitioner states that he is entitled to an "Evidentiary Hearing" pursuant to Rule 8(a) Section 2255 Proceeding,

[a}, **Determination by Court.** If the motion has not been dismissed at a previous stage in the proceeding; the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, **shall** upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge **shall** make such disposition of the motion as justice dictates.

## CONCLUSION

For the above set out reason, Petitioner prays this honorable court grant him the relief he's seeking, wherefore the petitioner is attaching a copy of all that was present at his sentencing and at trial,

[1], Progress Note, Dated 1/2/03
[2], Psychiatric Examination, Dated 1/31/2002
[3], Progress Note, Diagnosis 295.70 Schizoaffective Disorder, Dated 7/10/2002
[4], Progress Note, Dated 10/3/2002
[5], Southeast Psychiatric Service, dated 9/18/2003
[6], Southeast Psychiatric Services, Dated 2/10/2003
[7], Southeast Psychiatric Services, Dated 3/24/2004
[8], PHI Authorization-Release of Information, Dated 1/20/2006, This information was received while waiting to be evaluated, while petitioner was sitting in the City Jail In Montgomery, Alabama. These documents petitioner gave his attorney, not documents that he, the attorney retrieved from the doctor. Petitioner was denied his mental evaluation.

But there is more records than just this, Petitioner has been on Disability for over 20-years and had the ***court subpoenaed*** the Doctor and records before the petitioner was placed on trial and at sentencing, the outcome would have been different, even if the court would have followed the Judge order at arraignment, That the petitioner be evaluated then the court would have had the records from Springfield Illinois, Who would had gotten the records from Social Security. Office and Mental Health office in Dothan Alabama, that would have proved the second prong before being sentenced, but left the petitioner sitting at the City Jail in Montgomery for a year and one

month.," **See the only records that was ever presented at trial and at sentencing**, [Exhibit-A],attached, but there is more records. This Court ***should order*** the remainder of the petitioner's records that will prove his claims that's before this honorable court.

RESPECTFULLY SUBMITTED,

Charlie Mayes

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the above foregoing upon the United States Attorney by placing the said same in the Unite States Mail Postage Prepaid and properly addressed, done this the 25th,day of April 2007.Addressed as follows:

**U.S. Department of Justice**
UNITED STATES ATORNEY
MIDDLE DISTRICT OF ALABAMA
P.O. BOX 197
MONTGOMERY, ALABAMA
36101-0971

**OFFICE OF THE CLERK**
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA
36130-0711

Charlie Mayes
*Charlie Mayes # 141379*

Charlie Mayes # 141379
LIMESTONE CORR. FACILITY
28779 NICK DAVIS ROAD
HARVEST, ALABAMA
35749-7009

This correspondence is forwarded from an [illegible] contents have not been [illegible] the Alabama Department of Corrections is not [illegible] responsible for the substance or content of the enclosed communication.

Ella Fitzgerald
Ella Fitzgerald

LEGAL MAIL

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA
36130-0711

36101+0711-11 B007

**FERNANDO LOPEZ, M.D.**
**COUNSELING SERVICES OF DOTHAN**
**103 SOUTHPORT STREET**
**DOTHAN, ALABAMA 36301**

**PROGRESS NOTE**
**RE:** Charlie Mayes
**DATE:** 01/02/03
**CASE:** 8553
**DOB:** 1958
**DIAGNOSIS:** 295.70

This patient came in walking with a cane. He is alert, has lost some weight. He and his wife are divorced already. He has backaches. He is eating and sleeping well. He is going to see his doctor for his back pains. No side effects to the medication. He is on Triavil 4-25mg 1 twice a day, Valium 10mg to take ½ tablet on a prn basis. We will follow up all along.

______________________________
**Fernando Lopez, M.D.**

**FERNANDO LOPEZ, M.D.**
**COUNSELING SERVICES OF DOTHAN**
**103 SOUTHPORT STREET**
**DOTHAN, ALABAMA 36301**

**PROGRESS NOTE**
**RE:** Charlie Mayes
**DATE:** 10/03/2002
**CASE:** 8553
**DOB:** 1958
**DIAGNOSIS**: 295.70, Schizoaffective Disorder

This patient has lost some weight. He stated that he and his wife divorced. He was hearing voices and that he was physically abusive to her and things happened and he couldn't help it. He has backaches, has no EPS, or TD. He is on Triavil 4-25 mg twice a day and he goes to the Mental Health Clinic also for chronic pain. He was given Diazepam 10 mg a day h.s. prn. No side effects to the medication. See you next time.

______________________________
**Fernando Lopez, M.D.**

**FERNANDO LOPEZ, M.D.**
**COUNSELING SERVICES OF DOTHAN**
**103 SOUTHPORT STREET**
**DOTHAN, ALABAMA 36301**

# PSYCHIATRIC EXAMINATION

**RE:** Charlie Mays
**DATE:** 01/31/2002
**CASE #:** 8553
**D.O.B.:** 11/09/1958
SS #: 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
**DIAGNOSIS:** 295.70

**CLINICAL OBSERVATION AND HISTORY:** This 43-year-old African-American male has been known to me for the past 15 years and is a young man who has been disabled due to mental illness and characterized by withdrawals, depression episodes, hallucinations, and at times substance abuse.

**MEDICAL HISTORY:** Medically he is in good physical health, denies any blood pressure, ulcers or asthma. Also, he acknowledged that he has been losing weight lately and appears that he has been taking pain killers and many of them. He stated Lorcet perhaps 8 to 16 a day and in order to overcome this I suggest to him to reduce the intake of this medication and to take Librax which will help him with the tremors and the GI problems.

**MENTAL STATUS EXAMINATION:** Alert, oriented, real good memory, his affect is appropriate, his mood is non-depressed right now. He appears anxious and concerned about his problem with the product he has been abusing that he gets in the streets, he said. At any rate, I explained to him the importance of tapering off and do it on his own and I will help him with the Librax. To take 2 three times a day and consecutively take the Lorcet in a crossover fashion and he understood. Apparently, he has done this before. He has not been taking his Triavil 4-25 twice a day that he has taken for years for his psychiatric condition.

**DIAGNOSIS:** 295.70

**RECOMMENDATIONS:**

1. To try the Librax to try to help him to withdraw from the pain killers abuse
2. To take Triavil 4-25 one twice a day

**Fernando Lopez, M.D.**

**FERNANDO LOPEZ, M.D.**
**COUNSELING SERVICES OF DOTHAN**
**103 SOUTHPORT STREET**
**DOTHAN, ALABAMA 36301**

**PROGRESS NOTE**
**RE:** Charlie Mayes
**DATE:** 01/02/03
**CASE:** 8553
**DOB:** 1958
**DIAGNOSIS:** 295.70

This patient came in walking with a cane. He is alert, has lost some weight. He and his wife are divorced already. He has backaches. He is eating and sleeping well. He is going to see his doctor for his back pains. No side effects to the medication. He is on Triavil 4-25mg 1 twice a day, Valium 10mg to take ½ tablet on a prn basis. We will follow up all along.

______________________________
**Fernando Lopez, M.D.**

**SouthEast Psychiatric Services**
**548 Westgate Pkwy, Dothan, AL, 36303**

**Patient Name:** Charlie Mays **Date:** 9/18/03 **Acct #:** 4256

Reason for Visit: Routine ✓ Medication Problems ____ Emergency ____

Patient Statement: [illegible]

**MENTAL STATUS:**

Appearance: [illegible] Thinking: [illegible]
Affect: [illegible] Behaviors: [illegible]
Mood: [illegible] Other: ____

Abnormal Movements: ____

Other Notes: [illegible]

Plan:

1. Medication Name
   Dose
   Target
   Reason for Change

2. Psychological therapy: ____

3. Lab Comments ____

4. Follow Up: ____

5. Procedure: ☐ 90805 ☒ 90862

Physician's Name: Dr [illegible] Lopez Physician's Signature: [signature]



# SOUTHEAST PSYCHIATRIC SERVICES

Fernando Lopez, M.D., F.A.P.A
*General Psychiatry*

Shakir R. Meghani, M.D.
*General & Geriatric Psychiatry*

Mark Pichler, D.O.
*General Psychiatry*

Eyob H. Tessema, M.D.
*General Psychiatry*

Patient Name: Charlie Mayes Date: 2/10/03 Acct #: 4256

Reason for Visit: Routine ✓ Medication Problems ____ Emergency ____

Patient Statement: [illegible]

**MENTAL STATUS:**

Appearance: [illegible] Thinking: [illegible]

Affect: [illegible] Behaviors: [illegible]

Mood: [illegible] Other: ____

Abnormal Movements: ____

Other Notes: [illegible handwriting]

Plan:

1. Medication Name
   Dose
   Target
   Reason for Change

2. Psychological therapy: ____

3. Lab Comments ____

4. Follow Up: ____

5. Procedure: ☐ 90805 ☐ 90862

Fernando Lopez, M.D. Shakir Meghani, M.D. Eyob Tessema, M.D. Mark Pichler, D.O.



# SOUTHEAST PSYCHIATRIC SERVICES

Fernando Lopez, M.D., F.A.P.A — *General Psychiatry*
Shakir R. Meghani, M.D. — *General & Geriatric Psychiatry*
Mark Pichler, D.O. — *General Psychiatry*
Eyob H. Tessema, M.D. — *General Psychiatry*

**Patient Name:** Charlie Mayes **Date:** 3/24/04 **Acct #:** 4256

Reason for Visit: Routine ✓ Medication Problems ______ Emergency ______

Patient Statement: alert, coop. [illegible]

**MENTAL STATUS:**

Appearance: ______ Thinking: ______

Affect: ______ Behaviors: ______

Mood: ______ Other: ______

Abnormal Movements: ______

Other Notes: [illegible handwriting]

Plan:

1. Medication Name
   Dose
   Target
   Reason for Change

2. Psychological therapy: ______

3. Lab Comments ______

4. Follow Up: ______

5. Procedure: ☐ 90805 ☐ 90862

[signature]

Fernando Lopez, M.D. Shakir Meghani, M.D. Eyob Tessema, M.D. Mark Pichler, D.O.

SpectraCare

# PHI AUTHORIZATION-RELEASE OF INFORMATION

I, Charlie Mayes, hereby authorize SpectraCare to obtain from or release to Jennie Mayes, information regarding

Charlie Mayes, 11-09-58, 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
Client's Name, Date of Birth, Social Security Number

The follow information is requested or provided:

- X Clinical Intake or Assessment
- __ Current Medications (Drug Use Profile)
- __ Treatment Plans (Case Formulation)
- __ Termination of Services Sheet
- X Axis I and Axis II Diagnoses
- X Axis III Diagnoses
- X Consultation
- __ Court Evaluation
- X Doctors' Progress Notes
- __ Progress Notes
- __ Other – specify______
- X Case Summary
- __ Alcohol/Drug Abuse Treatment Information
- X Psychometric Testing Results
- __ DYS Information
- __ FIND Team Information
- __ Case Management
- X Teachers observations; progress notes; testing achievement scores
- X Psychiatric/Psychological Evaluation
- X Any information relevant to client's care
- __ Emergency Notification

The purpose of this disclosure is:

- X for legal purposes
- __ for insurance purposes
- X for disability determination
- __ for other - specify
- X to facilitate evaluation
- __ for client as requested by client
- __ for continuity of care

Proof of Mental Condition

Treatment will not be denied on refusal to sign an authorization (release of information) except when treatment is for the purpose of providing research-related information and authorization (release of information) provides for the use and disclosure of public health information for such research. The only other reason that treatment can be denied for refusal to sign an authorization (release of information) is when treatment is solely for the purpose of creating public health information to disclose to a third party and the authorization is for the disclosure of the PHI to that third party.

This authorization (release of information) may be ended at any time by the client (parent or guardian if a minor). Ending the consent will not cancel any action that has already been taken as allowed by the authorization. Unless the client wishes to cancel this consent at an earlier time, it will automatically expire 1 year from the date below unless otherwise specified in the block below:

20 January 2006
Date Signed

[signature]
Signature of Client and/or Person Authorized to sign for client

20 January 2006
Date Witnessed

[signature] George Henry Morris
Signature of Witness

(You have the right to revoke this authorization (release of information) at any time. *(Exceptions to the right to revoke a release of information (authorization) are listed in the Wiregrass Mental Health Privacy notice—effective April 14, 2003).* Indicate here, if you would like for this release to expire by a different date and/or event or condition.

a. Other Event/Condition: ______
b. Specified Date: ______

It is understood that the duration of this consent will not be longer than would be necessary and reasonable to carry out the purpose for which it is given.

NOTE TO PARTY RECEIVING INFORMATION: This information has been disclosed to you from records whose confidentiality is protected by federal and state laws. Substance Abuse Public Health information cannot be further disclosed without the specific written consent of the person to whom it pertains, or as otherwise permitted by such regulation. Such general authorization for the release of medical or other information is not sufficient for this purpose. (This form meets the requirements of Federal Regulation 42CFR Part 2.) All other Public Health information may be redisclosed by the recipient and no longer be protected by the Privacy Rule.