IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHARLIE MAYES,
      Petitioner,

Vs.                                    Civil Action # 1:07-CV-253-MEF

UNITED STATES OF AMERICA
      Respondents.

## AMENDED AND SUPPLEMENTAL PLEADINGS
## PURSUANT TO RULE 15(C) Fed.R.Civ.P.

**COMES** now the petitioner, Charlie Mayes pro se in the above styled cause and pursuant to the Order Issued April 30th, 2007 that petitioner on or before May 21st, 2007 file with the court an amendment to his motion that sets forth with clarity any claim of ineffective assistance of counsel, therefore petitioner sets forth the following:

## INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR FAILURE TO
## INVESTIGATE
## AND PREPARE A DEFENSE FOR TRIAL

In the instant case, the Petitioner, Mayes, was appointed counsel, Kevin L. Butler, to represent him at Trial for the offense of Possession of a firearm. The Petitioner presents his claim of ineffective assistance of counsel pursuant to the United States Supreme Courts standard set forth in, *Strickland V. Washington*- 80 L. Ed 2d 647, which states, "to prevail on an ineffectiveness claim, petitioner must establish both that his counsel's performance was deficient

1

and that he was prejudiced as a result of the deficiency." Also See *Thomas V. State*- 766 So. 2d 860, id at 875.

In *Sullivan*- 819 F. 2d at 1391, the United States Supreme Court held that, "an attorney rather clearly has a duty to familiarize himself with the discovery materials provided by the State

In *U.S. V. DeCaster*- 487 F. 2d 1197, id at 1201; the United States Supreme Court held that, "the Defense counsel should be guided by American Bar Association standards,...., to conduct investigations to determine matters of defense that can be developed,...., attempt to secure information in possession of prosecution and do adequate research." And in *Levin V. Katzenback*- 363 F. 2d 287, the United States Supreme Court held that, "the investigation should always, include efforts to secure information in the possession of the prosecution and law enforcement authorities."

>The United States Supreme Court stated in *DeCaster*-487 F. 2d 1197, "that much of the evidence of counsel's ineffectiveness is frequently not reflected in the Trial record (e.g., a failure to investigate the case,....)." But in this case at hand, the Petitioner will show evidence of counsel's ineffectiveness by the use of the *Exhibits presented in his reply to response filed April 25th,2007..*

The Petitioner's Trial Counsel relied on an insufficient discovery to prepare a defense for the Petitioner's Trial. The Eleventh Circuit has done an extensive analysis of this issue in *Stan V. Dugger*- 921 F. 2d 1125, 1175 (Quoting *Von Moltke V. Gilles*, 322 U.S. 708, 721; 92 L. Ed 2d 309).

>".... Prior to Trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, the circumstances, pleadings, and law involved and to offer his informed opinion,.....,the attorney must provide his client

2

with an understanding of the law in relations to the facts so that the accused may make an informed and conscious choice between accepting the prosecutions offer or going to trial. These standards focus on three elements: (1) The Law (2) The Facts (3) The relationship between them."

"Assistance of counsel thus requires that the lawyer does have a grasp of the law, and the facts so that he can provide the defendant with an understanding of how the law applies to the facts of the case at hand,....., obviously, if the lawyer does not have a grasp of either the law or the facts, he will not be able to give the defendant an informed opinion. In such case therefore, the lawyer will be unable to accomplish his 'function'. He will not be providing assistance of counsel effectively..."

The Petitioner's Trial Counsel's decision to base a trial strategy on a insufficient discovery can not be considered to be a strategic choice on behalf of the Trial Counsel. In _U.S. V. DeCaster_- 487 F. 2d 1197, id at 1204; the United States Supreme Court held that, "Counsel must conduct appropriate investigation, both factual and legal, to determine what matters of defense can be developed." In _U.S. V. Tucker_- 316 F. 2d 576, the United States Supreme Court held that, " tactical and strategic decisions are based on specific facts of given case." The Sixth Amendment provides that an accused shall enjoy the right to have assistance of counsel for his defense. This right, fundamental to assure fairness in the adversary criminal process. _Gideon V. Wainwright_- 372 U.S. 335, 344; 9 L. Ed 2d 799; _U.S. V. Marrison_- 449 U.S. 361; 66 L.Ed 2d 564. An attorney does not provide effective assistance if he fails to investigate sources of evidence which maybe helpful to the defense. _Davis V. Alabama_- 596 F. 2d at 1217. In _Lockhart V. Fretwell_- 112 L. Ed 2d 180, the Court held, "...to show prejudice, a defendant must show that counsel's errors were so serious that they rendered the defendant's trial unfair or unreliable."

In the case at hand, if the Trial Counsel had of tried to get the rest of the Petitioner's Medical Records and have the Doctor present at his hearing the out come would have been different, that the State failed to produce causing the petitioner to be prejudice at his sentencing, the Trial Counsel would have seen that this information and testimony of the Doctor would have been very helpful to the defense. The Trial Counsel could have used the Doctor's Testimony to substantially weaken and destroy the State's case because the Trial Counsel knew that the State's whole case rested upon the Doctor's testimony and petitioners medical records. The Trial Counsel could have used the Doctor's testimony and petitioner's records to design an intelligent litigation strategy to defend against and refute the alleged offense at Trial And in doing so, it would have created a reasonable doubt in the minds of the jurors as to whether or not the petitioner actually did the act that he was accused of "Possession of a Firearm" and it would have also created a reasonable doubt, which was needed to acquit the Petitioner of the charged crime in the minds of the jurors. Therefore, the Trial Counsel's decision in relying on an insufficient discovery to prepare a defense for the Petitioner, the Trial Counsel's performance clearly fell far below the standards of objective of reasonable assistance on the counsel's behalf, because this error actually compromised the Petitioner's defense.

In *Crisp V. Duckworth*- 743 F. 2d 580, the United States Supreme Court held that, "effective representation hinges on adequate investigation and pre-trial preparation." And when counsel's choices are uniformed, as is the case here, because of inadequate preparation and investigation, a defendant is denied the effective assistance of counsel. See *U.S.V. DeCaster*- 487 F. 2d at 1201.

The Petitioner's Trial Counsel allowed the State to shape the very nature of the Petitioner's Trial by allowing the State to withhold exculpatory evidence, which was needed to prepare a proper defense, and in doing so also allowed the State to violate the Petitioner's right to

a fair trial under the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution, as explained in the issue of *Brady Violation*. Such a substantial violation of a know right by the Trial Counsel has to be considered to be ineffective on the counsel's behalf. The magnitude of the Trial Counsel's error cannot go unnoticed or be deemed a common mistake by the average criminal lawyer to this Honorable Court. Such a showing as this proves that the Petitioner's Trial Counsel's actions prejudiced the Petitioner in the worst possible way by not functioning as the "counsel" guaranteed by the Sixth Amendment.

To further support this claim, that the Trial Counsel failed to investigate and prepare a defense for Trial, the Petitioner asserts that the Pre-trial motion if any that the Trial Counsel filed, was not explained to him or his family. The Petitioner was left unaware of the law and how the law applied to the facts of his case. Again, the Eleventh Circuit has done as extensive analysis of this issue in *Stan V. Duggar*-921 F. 2d 1125, 1175 (Quoting *Von Moltke V. Gillies*-322 U.S. 707; 92 L. Ed 2d 309).

> "...Prior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, the circumstances, pleadings, and laws involved,....,the attorney must provide his client with an understanding of the law in relations to the facts..."

> "Assistance of counsel thus requires that the lawyer does have a grasp of the law, and the facts so that he can provide the defendant with an understanding of how the law applies to the facts of the case at hand,...., obviously if the lawyer does not have a grasp of either the law or the facts, he will not be able to give the defendant an informed opinion."

The Trial Counsel had a duty to explain the law to the Petitioner and how the law applied to the facts of his case. But in the case at hand, the Trial Counsel could not have explained the

law to the Petitioner and how the law applied to the facts because the Trial Counsel did not have all of the evidence, as explained in the beginning of this argument "Petitioner's Medical Records dating back 20-years was therefore missing"and . The Trial Counsel also had a duty to explain the charged crime and the elements that underlined the charged crime to the Petitioner. But the Trial Counsel never sat down with the Petitioner or his family to explain what the elements that underlined the charged crime were or what they meant, which deprived the Petitioner of the understanding of how the law applied to the facts of his case. *(See* Tr.198 *).*

In *U.S. V. DeCaster*- 487 F. 2d 1203, the United States Supreme Court held that, " Counsel should discuss fully patential strategies and choices with his client." In the case at hand, the Trial Counsel failed to discuss any Trial Strategy or other plausible lines of defense with the Petitioner or his family, like the possibility of the petitioner being entitled to a lesser-included offense. There was evidence that the Trial Counsel clearly could have seen, if he would have gotten the rest of the discovery the State failed it disclose, that would have defiantly encouraged the Trial Counsel to look into the other plausible lines of defense such as a lesser-included offense. But the Petitioner's Trial Counsel failed to familiarize him-self with the law and the facts of the Petitioner's case. To show the Court that the Petitioner's Trial Counsel failed to properly prepare and investigate into the other plausible lines of defense for Trial.

The Petitioner also contends that his attorney was ineffective for not preserving the issues raised at the trial level for the appellate counsel to raise on appeal, therefore the petitioner was therefore prejudiced by not having his issues reviewed by the appellate court.

### Relief Sought

Petitioner request that this court re-evaluate the claim before the court and grant petitioner and evidentiary hearing to resolve such matter as this.

DONE THIS THE 4TH,DAY OF MAY 2007.

RESPECTFULLY SUBMITTED,

*Charlie Mayes* (signature)

6

## CERTIFICATE OF SERVICE

I, The Petitioner, do hereby swear that I have served a true and correct copy of the foregoing upon the District Attorney's Office in Montgomery, Alabama as follows:

*OFFICE OF THE CLERK*
P.O. BOX 711
MONTGOMERY, ALABAMA
    36101-0711

*U.S. DEPARTMENT OF JUSTICE*
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF ALABAMA
P.O. BOX 197
MONTGOMERY, ALABAMA
    36101-0971

By placing the same in the United States Mail, postage prepaid and properly addressed on this fourth, day of May 2007.

_____
*CHARLIE MAYES.*, # 141379
Limestone C.F.
28779 Nick Davis Road
Harvest, Alabama
    35749-7009

**CHARLIE MAYES # 141379**
LIMESTONE C.F.
28779 NICK DAVIS ROAD
HARVEST, ALABAMA 35749-7009

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

LEGAL MAIL
CORRESPONDENCE

*OFFICE OF THE CLERK*
P.O. BOX 711
MONTGOMERY, ALABAMA
36101-0711

HUNTSVILLE / HVS
AL 358 2 T
07 MAY 2007 PM

36101+0711