IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLIE MAYES | ) <br> ) <br> ) |
| vs. | )    CASE NO. 1:07cv253-MEF-TFM <br> ) <br> ) |
| UNITED STATES OF AMERICA | ) <br> ) <br> ) |

**UNITED STATES' SUPPLEMENTAL RESPONSE TO AMENDED § 2255 MOTION**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and, in compliance with this Court's Order of May 10, 2007, responds to Defendant/Movant Charlie Mayes' Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence By a Person In Federal Custody, as follows:

**I. PROCEDURAL HISTORY AND RELEVANT FACTS**

On January 6, 2005, a grand jury sitting in the Middle District of Alabama issued a one-count indictment against Charlie Mayes (Mayes). Count 1 charged that on or about August 2, 2004, in Dothan, Alabama, the defendant, having been previously convicted in a court of a crime punishable by a term of imprisonment in excess of one year, to-wit: Unlawful Distribution of a Controlled Substance in the Circuit Court of Houston County, Alabama (CC 90-232), and Possession of Marijuana in the Circuit Court of Houston County, Alabama (CC 85-86), knowingly and willfully possessed a firearm, in and affecting commerce, that is a Hi Point model CF, .380 ACP semi-automatic pistol, Serial Number P721536, and ammunition, in violation of Title 18 U.S.C. § 922(g)(1).

Mayes was arraigned before United States Magistrate Judge Charles S. Coody on February 23, 2005, entering a plea of not guilty.

On August 9 and 10, 2005, a jury trial in the case was held before the Honorable Joel F. Dubina, United States Circuit Judge for the United States Court of Appeals for the Eleventh Circuit.

On August 10, 2005, the jury found Mayes guilty of the violation of Title 18, United States Code, Section 922(g)(1), alleged in the Indictment.

On August 17, 2005, Mayes filed a pro se <u>Motion for Acquittal or in the Alternative a Motion for New Trial.</u>

On September 20, 2005, counsel for Mayes filed a <u>Motion for Acquittal or in the Alternative Motion for New Trial</u>.

On September 27, 2005, the <u>Motion for Acquittal or in the Alternative Motion for New Trial</u> was denied.

On March 1, 2006, a sentencing hearing was held, at which Mayes informed the court of his intention to seek a downward departure based on diminished capacity, pursuant to United States Sentencing Guideline § 5K2.13.  Attachment "A"[1].

On March 7, 2006, Mayes filed a <u>Notice of Request</u> in which he stated that he would present no psychiatric testimony in support of his request for downward departure based on diminished capacity.

On March 8, 2006, the sentencing was held. The district court found that a downward departure pursuant to USSG §5K2.13 was not established nor warranted. Attachment "B".

 Mayes was sentenced to 60 months imprisonment, 3 years supervised release, and a special assessment fee of $100.

On March 9, 2006, Mayes filed a timely <u>Notice of Appeal</u>.

On July 6, 2006, Mayes filed an appeal with the Eleventh Circuit Court of Appeals presenting two issues for review: whether the District Court erred in denying Mayes' motion for a judgment of acquittal; and, whether the District Court appropriately considered Mayes' mental condition in arriving at a sentence in the case.

On September 7, 2006, the United States filed its response brief to Mayes appeal.

---

[1] Attachments previously filed with original response.

On December 29, 2006, the Eleventh Circuit Court of Appeals issued as mandate its judgment denying Mayes' appeal and affirmed his conviction and sentence. Attachment "C".

On March 22, 2007, Mayes filed a motion for relief under 28 U.S.C. § 2255, Motion to Vacate, Set Aside or Correct Sentence. On March 23, 2007, this Court entered an order directing the United States to respond within thirty days. Mayes did not file a memorandum of law in support of his motion. The United States filed a response to the § 2255 motion on April 13, 2007. Mayes amended his petition on May 9, 2007. The Court in an Order dated May 10, 2007, ordered trial counsel Kevin L. Butler to respond to Mayes' claim of ineffectiveness within thirty days of the date of the Order. Mr. Butler filed his affidavit on May 30, 2007. (Document 13.)

## II. CLAIMS RAISED IN THE AMENDED § 2255 MOTION

As far as the United States can discern, Mayes raises the following issues in his Amended § 2255 motion:

**(a)** Trial counsel was ineffective for failing to investigate and prepare a defense for trial, in that: (1) counsel failed to request and obtain complete discovery; (2) counsel relied on incomplete discovery when fashioning the defense and because the medical records, which should have been a part of the discovery packet, were not, Mayes was unable to rebut the government's case-in-chief at trial and was unable to use said records for mitigation purposes at sentencing; and, (3) counsel failed to inform and advise Mayes of applicable law and its' application to his case;

**(b)** Trial counsel was ineffective for failing to preserve issues raised at trial for appellate review; and,

**(c)** The United States engaged in prosecutorial misconduct by not providing full and complete discovery to the defense.

## III. RESPONSE TO CLAIMS FOR RELIEF

**A.** **Mayes Has Met The One-Year Statute Of Limitations Deadline For The Filing of Claims Under 28 U.S.C. § 2255.**

The United States notes at the outset that Mayes has filed his motion in a timely manner under paragraph six of 28 U.S.C. § 2255, which provides a one-year period of time to file a motion

3

to vacate, set aside, or correct sentence under the rule. The applicable provision in this case requires that a movant file his § 2255 motion within one year from "the date on which the judgment of conviction became final."

The judgment against Mayes was entered by the District Court on March 8, 2006. Mayes timely filed his notice of appeal and filed his appeal on July 6, 2006. The Eleventh Circuit Court of Appeals issued its mandate on January 29, 2007. Although not specifically addressing the application of the statute of limitations to the 10-day notice of appeal requirement, the Eleventh Circuit has held that a judgment of conviction becomes final for someone who appeals to an appellate court when the time for seeking certiorari review in the Supreme Court expires. *See Kaufman v. United States,* 282 F.3d 1336, 1337-39 (11th Cir.2002). Likewise, a judgment of conviction becomes final for someone who does not appeal when the time for seeking that appeal expires. Mayes had ten days from the January 29, 2007 entry of judgment by the Eleventh Circuit Court of Appeals to seek certiorari review by the Supreme Court for the United States; his judgment of sentence, therefore, became final on February 8, 2007. Thus, under § 2255, Mayes had until February 8, 2008, to file his motion. Therefore, Mayes' filing of his § 2255 motion prior to February 8, 2008, renders it timely.

**B.    Mayes' Claim That Trial Counsel Was Ineffective For Failing To Investigate And Prepare A Defense For Trial Should Be Rejected Because It Is Without Merit.**

Mayes alleges his counsel was ineffective for three different reasons: (1) for failing to request and obtain complete discovery (medical records); (2) for failing to rebut the government's case and obtain a more lenient sentence by submission/presentation of medical records; and, (3) for failing to fully advise Mayes regarding the applicable law and how it applied to the facts of Mayes' case. As is demonstrated below, Mayes was not denied the effective assistance of counsel as he claims.

To succeed on a claim of ineffective assistance of counsel, a defendant must prove both that his counsel's performance was deficient and that the deficient performance prejudiced his case. *Strickland v. Washington,* 466 U.S. 668 (1984); *see also*, *Bell v. Cone,* 122 S. Ct. 1843 (2002) (Supreme Court reaffirming the *Strickland v. Washington* standard for reviewing ineffective

4

assistance of counsel claims); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001) (Eleventh Circuit applying two-part test of *Strickland v. Washington*), *cert. denied,* 122 S. Ct. 1185 (2002). More specifically, Mayes must show that (1) identified acts or omissions of counsel fell below an objective standard of reasonableness, and (2) that his counsel's alleged errors or omissions resulted in prejudice to him to such an extent that, without counsel's alleged errors or omissions, there is a reasonable probability that the outcome of his trial would have been different. *Yordan v. Dugger,* 909 F.2d 474, 477 (11th Cir. 1990).

In analyzing counsel performance under the performance prong of *Strickland*, this Court must presume that the conduct of counsel was reasonable, *Yordan v. Dugger,* 909 F.2d at 477. A "[d]efendant must prove deficient performance by a preponderance of competent evidence, and the standard is 'reasonableness under prevailing professional norms.'" *Gallo-Chamorro v. United States*, 233 F.3d 1298, 1303-04 (11th Cir. 2000)(footnotes omitted). The Eleventh Circuit has described a defendant's burden with regard to the deficient performance prong of an ineffective assistance of counsel claim as follows:

> Because there is such a wide range of constitutionally acceptable performance, a petitioner seeking to rebut the presumption of adequate performance must bear a heavy burden:
>
>> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. ... We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.
>
> ... Thus, in order to show that counsel's performance was unreasonable, the petitioner must establish that *no competent counsel would have taken the action that his counsel did take....*

*Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (all internal citations omitted).

The Eleventh Circuit has described a defendant's burden in demonstrating that his counsel's deficient performance prejudiced his case as "high", noting that it is not enough to show that any errors had some conceivable effect on the outcome of the proceeding. *Robinson v. Moore*, 300 F.3d 1320, 1343-44 (11th Cir. 2002). To succeed on the ineffective assistance of counsel claim, the

defendant must show that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different.

Finally, "[i]t is well established that a habeas petitioner must demonstrate both deficient performance and prejudice, and that a failure to demonstrate either prong constitutes a failure to demonstrate ineffective assistance of counsel." *Bottoson v. Moore*, 234 F.3d 526, 532 (11th Cir. 2000); *accord, Robinson v. Moore*, 300 F.3d at 1343.

As to each of his claims of ineffective assistance of counsel, Mayes has failed to plead facts sufficient to demonstrate that he was prejudiced by any of counsel's actions. For that reason, his § 2255 motion should be summarily dismissed.

**1. Counsel's failure to request and obtain full discovery**

Mayes claims that trial counsel failed to request and obtain discovery in this matter. As the affidavit of trial counsel explains, counsel did receive full disclosure from the government of documents and evidence that made up the government's case. (Doc. 13 at paragraph 4.)

Mayes contends that medical records, purportedly of his treatment for a mental disease or defect, were held by the government and were not given as discovery and not requested by trial counsel.

Mayes' claim must fail because the United States never had, used or intended to use any such documentation in its prosecution of Mayes. Because the government did not have said documents, trial counsel was not ineffective for failing to secure it from the government. Additionally, as set out in Document 13, trial counsel was aware, through his interviews with and investigations on behalf of Mayes, of Mayes' "condition" and had, apparently, at some point contemplated and disregarded the use of such information as a viable defense or argument. (Id. at paragraphs 4 and 5.) Therefore, Mayes' claim that trial counsel was ineffective for failing to request and obtain discovery must fail as groundless and should be dismissed.

**2. Counsel's failure to effectively challenge the government's case and secure a more lenient sentence by presentation of medical documents and testimony**

Mayes insists that his counsel relied on incomplete discovery when fashioning the defense and because the medical records were not a part of the discovery packet Mayes was unable to rebut the government's case-in-chief at trial; and, was unable to use said records for mitigation purposes at sentencing.

As set out above, the government did not have custody of any medical records pertaining to Mayes, and therefore, could not provide such to defense counsel. Furthermore, the government did not, as Mayes states in his supplemental pleading, rely on medical records of Mayes to establish its case.(Doc. 11 at p.4.)

Finally, as stated in trial counsel's affidavit, counsel investigated Mayes' psychological and medical history prior to trial, funded an *independent* psychiatric evaluation ( the record does not support Mayes' contention that the Court ordered a psychological evaluation), and personally spoke with Mayes' personal psychologist.(Doc. 13 at paragraph 5.)  Counsel concluded, after said exhaustive pre-trial investigation,  that a trial strategy based upon mental defect or disease was not warranted and the burden could not be sustained. (Id.)

It should also be noted that counsel cannot be said to be ineffective for failing to present medical information to the Court for mitigation purposes at sentencing, as the record establishes that the sentencing Court was aware of Mayes' claim of mental defect, considered and rejected it as mitigating in this case.

Mayes cannot prevail on an ineffective assistance of counsel claim where, as here, the record documents counsel's diligent pursuit of a strategy that was simply unsuccessful.  This issue should be dismissed as being without any merit.

**3. Counsel's failure to fully advise**

As to Mayes' contention that counsel failed to inform him of the law, how the law applied to the facts of Mayes' case, the charge against Mayes, and the elements of the charge, counsel's affidavit clearly states that counsel spent extensive time with Mayes discussing legal and factual

issues and determining a trial strategy.(Doc. 13 at paragraph 6.) Further, the record establishes that Mayes was informed of, and indicated his understanding of, the charge against him, the elements the United States would need to establish to prove him guilty, and the possible penalty he faced if convicted. (Doc.10.)

**C.     Mayes' Claim That Trial Counsel Was Ineffective For Failing To Preserve Issues Raised At Trial For Appellate Review Should Be Rejected Because It Is Without Merit.**

Mayes' claim that counsel was ineffective for failing to preserve issues for appellate review is not supported by the record. Mayes, in fact, made an unsuccessful direct appeal to the Eleventh Circuit Court of Appeals on July 6, 2006. The issues raised in the appeal were, in fact issues raised and properly preserved at the trial and sentencing of Mayes by trial counsel. Therefore, Mayes claim is without merit and should be dismissed as such.

**D.     Mayes' Claim That The United States Engaged In Prosecutorial Misconduct By Not Providing Full And Complete Discovery To The Defense Should Be Rejected Because It Is Without Merit.**

Mayes' claim that the United States engaged in prosecutorial misconduct is baseless and is not supported by the record.

Mayes bases his claim on the false belief that the government had knowledge and possession of his medical records. Though Mayes makes these claims, he has offered no proof of his claim. As stated in counsel affidavit, the government provided full discovery to the defense with respect to the investigation of the single charge of Felon in Possession of a Firearm. The government did not have, nor did it rely upon, medical information (either in the form of a doctor's testimony or medical records) in prosecuting Mayes for the sole offense. This issue should be dismissed as being without any merit.

## IV. MISCELLANEOUS

All facts not specifically admitted by the Government in this response are denied.

Furthermore, all arguments made by the Government in this response are made in the alternative and should be considered separately and severally.

Also, should this Court determine that Mayes has made any pro se arguments not addressed in this response, the Government would request the opportunity to further respond to those arguments.

## V.  CONCLUSION

For the above reasons, Defendant/Movant Charlie Mayes has failed to demonstrate that he is entitled to any relief from this Court, and his § 2255 motion should be denied without an evidentiary hearing.

Respectfully submitted this the 11th day of June, 2007.

> LEURA G. CANARY
> UNITED STATES ATTORNEY
>
> /s/ Susan R. Redmond
> SUSAN R. REDMOND
> Assistant United States Attorney
> Post Office Box 197
> Montgomery, Alabama 36101-0197
> (334) 223-7280    (334) 223-7135 fax
> susan.redmond@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLIE MAYES ) | |
| ) | |
| vs. ) | CASE NO. 1:07cv253-MEF-TFM |
| ) | |
| UNITED STATES OF AMERICA ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I certify that I mailed copy of the same to the following non-CM/ECF participant: Charlie Mayes, #141379, Limestone Correctional Facility, 8779 Nick Davis Road, Harvest, Alabama 35749.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
susan.redmond@usdoj.gov