<u>IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA SOUTHERN DIVISION</u>

| | | |
|---|---|---|
| **CHARLES MAYES,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| | ) | |
| VS. | ) | <u>CASE NO. # 1:07-cv-253-MEF-TFM</u> |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | | |
| **Respondents.** | | |

<u>**PURSUANT TO THE ORDER ISSUED JUNE 11TH, 2007, MAYES FILES THIS HIS RESPONSE TO THE SUPPLEMENTAL RESPONSE**</u>

**NOW COMES**, "Petitioner Mayes pursuant to the '**Order**' issued by the Honorable *"[/s/ Terry F.Moorer, United States Magistrate Judge]"that:* "Petitioner on or before July 2nd, 2007 may file a reply to the supplemental response filed by the United States. **Wherefore,** sets forth the following:

[1]."The State argues that Mayes knowingly and willfully possessed a firearm, in and affecting commerce, that is a Hi Point model CF, .380 ACP semiautomatic pistol, Serial Number P721536, and ammunition, in violation of Title 18 U.S.C. § 922(g)(1).

(a). It was well established that Mayes had no knowledge of the pistol the state is referring to, and it also was established that the serial number alleged in the state supplemental response is not the same serial number on the gun that was established by Mayes Attorney Donald in his argument to the jury.

1

(b). On February 23,2005, Mayes entered a plea of not guilty, it was ***ordered*** for him to be evaluated by the Honorable Judge Charles S. Coody

(c). Petitioner argues that this honorable court to strike the states supplemental response, because the state failed to comply with the Order issued by this honorable Court on May 10th,2007 directing the State to response within 30-days from the date of this order.

[1]."Petitioner did not receive the states response until the 11[th],2007 when their response should have been filed the 9[th],2007.

[2]. Petitioner has yet to receive the response from the Attorney Mr. Kevin L.Butler. He your honor is in default of your order dated May 10th,2007 wherefore petitioner argues that he should be granted summary judgment in his favor, because if petitioners claim is not refuted, his claim must be accepted as true and an evidentiary hearing should be held to determine the material issues presented before this court,.

"**[Emphasis added]**"

**"In the United States Response They alleges that Mr. Butler filed his affidavit on May 30[th], 2007, but petitioner never received a copy, and for petitioner to adequately file his response to the attorney's affidavit he first has to receive one"**. **And evidentiary hearing should be granted.**

[3]. petitioner did raise ineffective assistance of counsel, because attorney failure to request a continuance to review critical medical records, and by failing to move for a competency hearing despite clear doubts as to Mayes competence, trial counsel rendered ineffective assistance.

[4]. Petitioner not only argues that the attorney violated his sixth and fourteenth amendment, Mayes, in support of this claim, also makes the following arguments:

*A.* "That the court had a continuing obligation to conduct a competency hearing at any point during trial at which a "bona fide" doubt as to his competence to stand trial surfaced;

*B.* "That Alabama law required that any competency hearing be conducted in front of a jury and that any competency determination be left to the jury;

*C.* "That evidence of his lack of competence to stand trial was sufficient to require the Court to hold a competency hearing; and

*D.* "That the remedy for the Court error is to hold a retrospective hearing on his competence to stand trial, or if that is not practical, to vacate his conviction." Indeed, as the Supreme Court stated in **Pate V. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966)**, it is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently "waive" his right ti have the court determine his capacity to stand trial. Id.at 348, 86 S.Ct. at 841;

[5]. The State Claims that Mayes cannot prevail on an ineffective-assistance of counsel claim, as where the record documents counsel's diligent pursuit of a strategy that was simply unsuccessful, Petitioner states that's when he should have involved the court and had the doctor subpoenaed and the medical records and or requested the court to conduct the competency hearing before the jury., its a probability the jury would have saw no need for petitioner to receive 5-years but placed the petitioner on probation *"[Furthermore the petitioner is serving 2-years with the state for being in the possession of that same firearm, so petitioner is being punished twice for the same crime]"*.

[6]."It is clear that the attorney did not preserve these issues for the appellate review, this is another reason that he is ineffective. "The record will show that the counsel did not raise or object to the court doing anything. And this court should hold a evidentiary hearing in this matter to get to the bottom of this...

## *CONCLUSION*

For the above reasons, Petitioner Charlie Mayes has supported his assertions by clearly facts and should be entitled to the granting of an evidentiary hearing and or sentencing reduction.

## *PRAYER:*

"Mayes pray that this honorable court will grant him the relief this court deem just and appropriate for the above set forth herein this his reply to the states supplemental response, dated June 11th, 2007, even though it was not incompliance with the courts order issued May 10th, 2007, whereas they state should be in default and the attorney still has not provided the petitioner with a copy of what the state used to prepare their response which has prejudice Mayes in his reply to their supplemental dated late.

RESPECTFULLY SUBMITTED,

*Charlie Mayes*

## Certificate of Service

I hereby certify that I have served a true and correct copy upon the United States Attorney, by placing the said same in the U.S. mail postage prepaid and properly addressed, done this the 19 day of June 2007.

Assistance United State Attorney
Post Office Box 197
Montgomery, Alabama
36101-0197

*Charlie Mayes*

Charlie Mayes # 141379
EASTON C.I.
2779 NICK DAVIS ROAD
HARVEST, ALABAMA 35749-7009

LEGAL MAIL
CORRESPONDENCE

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

OFFICE OF THE CLERK
DEBRA P. HACKETT
United States District Court
P.O. BOX 711
Montgomery, Alabama
36101-0711



# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA SOUTHERN DIVISION

IN RE: CV-253-MEF-TFM

*Charlie Mayes # 141379*
,PETITIONER,

VS.

United States of America,
**RESPONDENTS.**

---

## "AFFIDAVIT"

---

Prepared By

*Charlie Mayes # 141379*
ACTING Pro Per #
LIMESTONE C. F.
28779 NICK DAVIS ROAD
     35749-7009

## AFFIDAVIT IN SUPPORT OF RELIEF

*STATE OF ALABAMA:*
*LIMESTONE COUNTY:*

Before me, the undersigned authority did appear, **one, *Charlie Mayes # 141379*** whom did depose, while stating under penalty of perjury, the foregoing attestations remains true and correct to the best of his knowledge, information and belief, as follows:

§ "My name is Charlie Mayes being over nineteen (19), years of age, and remain competent to execute this affidavit, which is based upon Personal Knowledge of facts, Evidence surrounding the basis for his relief that the court filed a motion for a mental evaluation, "That Mayes attorney failed to follow up and present the records before the court in determining his condition at the time of the crime accused to shed some light at sentencing and whether he was competent to stand trial and to evaluate his mental state at the time of the offense.." The Court continued the proceedings against Mayes pending the completion of the report, "The attorney did not present a copy of the repot to the court at its conclusion, nor did the attorney include a copy of the report into the court and request that a competency hearing be held before trial, but allowed the court to proceed to trial without this competency hearing that would have shed some light on Mayes 's mental state at the time of the offense, the outcome of Mayes case would have been different had the jury been made aware of Maye's mental state at the time of the offense.

§ "I asserts, maintain in conjunction to the pleadings, in accord with all the statements, facts presented as being true and correct to the best of my knowledge, information and belief, entitling

Mayes to an evidentiary hearing in light of the Court erred in proceeding to trial when it was made aware that the psychologist recognized that Mr. Mayes complete medical and psychological history were taken into consideration by the psychologist when his opinion was rendered., Mayes attorney did not object to the court proceeding without a full and complete medical and psychological history was before the court before it proceeded to trial which could have changed the outcome of his trial and or sentence., Mayes's attorney did not preserve no issues for appeal he just sat and did nothing in his clients defense or did he prepare a defense for trial.

§ "Mayes request this honorable court to revisit his documents in his original petition, where he attached records of his medical records that shows Mayes was on heavy Medication at the time of his crime and his mental state."*[See Exhibit-attached to the original petition"Had the jury been made aware of petitioner's condition and the medication he was on then the outcome would have been different, because there would have been a reasonable doubt as to the petitioner's position at the time of the crime.*

§ "I affirm, attest, having nothing further to depose, although reserving the right to add, modify if necessary under standard of practice, procedure upon review of the stats responsive pleading to the petition attached, under rules of rudimentary fair play, as supported by this affidavit.

[seal]

SWORN TO AND SUBSCRIBED HERETOFORE THIS __19__ DAY OF __June__ 2007.

_Michelle Patrick_                              _10/30/07_
**NOTARY PUBLIC**                          *MY COMMISSION EXPIRES*

x _Charlie Mayes_

Charlie Mayes # 141379

## CERTIFICATE OF SERVICE

I, the petitioner, do hereby swear that I have served a true and correct copy of the foregoing upon the District Attorney's Office in ~~Houston~~ Montgomery County, Alabama as follows:

CM

*Office of the Clerk*

**United States District Court**

**P.O. Box 711**

**Montgomery, Alabama 36302**

by placing the said same in the U.S. mail box here at Limestone Correctional Facility, postage prepaid and properly addressed, done this the 19 day of June 2007.

Charlie Mayes

*Charlie Mayes # 141379*