IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLIE MAYES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No. 1:07cv253-MEF |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a motion by Charlie Mayes ("Mayes") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After considering Mayes's § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes that the motion should be denied without an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

**I.   PROCEDURAL HISTORY**

On August 10, 2005, a jury found Mayes guilty of violating 18 U.S.C. § 922(g)(1), which proscribes possession of a firearm by a convicted felon. Mayes was sentenced to 60 months in prison. He appealed to the Eleventh Circuit, which affirmed his conviction and sentence on December 29, 2006. *See United States v. Mayes*, 212 Fed.Appx. 934 (11th Cir. Dec. 29, 2006) (unpublished). On March 6, 2007 (Doc. No. 1), Mayes filed a § 2255 motion, which he was later allowed to amend. (*See* Doc. Nos. 9-11.) In his § 2255 motion, as amended, Mayes asserts the following claims:

1. The trial court failed to consider Mayes's mental condition before trial and prior to sentencing.

2. The trial court erred in denying Mayes's motion for a judgment of acquittal.

3. Mayes's trial counsel was ineffective for the following reasons:

    a. Counsel failed to investigate and prepare a defense by requesting and obtaining complete discovery of exculpatory medical records and presenting testimony regarding Mayes's mental illness.

    b. Counsel failed to inform and advise Mayes of the law applicable to his case.

    c. Counsel failed to preserve certain issues for appellate review.

(Doc. Nos. 1, 9 & 11.)

The government answers that Mayes's claims are either meritless or procedurally barred. (Doc. Nos. 7 & 14.) Mayes was allowed an opportunity to respond to the government's submissions and has done so. (Doc. Nos. 9 & 16.)

## II.  DISCUSSION

### A.  *Substantive Claims*

#### 1.  **The Court's Failure to Consider Defendant's Mental Condition**

Mayes contends that the trial court erred by failing to consider his mental condition prior to trial and before his sentencing. (Doc. No. 1 at 5.)

##### *a.  Prior to trial*

Mayes's claim regarding the court's failure to consider his mental condition prior to

trial was not advanced on direct appeal.  Therefore, it is procedurally barred from review in this § 2255 proceeding unless Mayes can establish both cause for the failure to raise the claim on direct appeal and actual prejudice arising from that failure.  *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994).  Mayes, however, does not attempt to demonstrate any cause to overcome this procedural default.  Nor does he assert his actual innocence.[1]  Thus, this claim is defaulted and is barred from this court's consideration.

### b.   *Before sentencing*

Mayes's claim that the trial court failed to consider his mental condition before his sentencing was raised on direct appeal.  The Eleventh Circuit found the claim to be meritless and decided the attendant issues adversely to Mayes.  *See United States v. Mayes*, 212 Fed.Appx. 934 (11th Cir. Dec. 29, 2006) (unpublished).  Because this claim was raised and resolved on direct appeal, this court will not reconsider the claim here.  *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000).

### 2.   **Motion for Judgment of Acquittal**

Mayes also contends that the trial court erred by denying his motion for a judgment of acquittal. (Doc. No. 1 at 6.)  He presented this claim on direct appeal, and the court of appeals determined it to be without merit.  Therefore, this court will not reconsider the claim in this § 2255 proceeding.  *Nyhuis*, 211 F.3d at 1343.

### B.   *Ineffective Assistance of Counsel*

---

[1] *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) (even where cause and prejudice are not shown, proof of actual innocence may open the door to review of an otherwise defaulted claim).

**1.    Standard of Review**

A claim of ineffective assistance of counsel is governed by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *Grossman v. McDonough*, 466 F.3d 1325, 1344 (11th Cir. 2006). Under *Strickland*'s two-part test, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Darden v. Wainwright*, 477 U.S. 168, 184 (1986) (internal quotation marks omitted); *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). A "reasonable probability is one "sufficient to undermine confidence in the outcome." *Strickland.*, 466 U.S. at 694.

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id.* (internal quotation marks and brackets omitted). Thus, "[g]iven the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id.*

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court

decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

### 2.     Failure to Investigate and Prepare a Defense

Mayes argues that his counsel was ineffective for failing to investigate and prepare an adequate defense. (Doc. No. 11 at 1-6; Doc. No. 9 at 2-5.) In this regard, Mayes contends that his counsel was derelict in failing to request and obtain his medical records during discovery and in failing to present testimony from the physician who treated him for a mental illness. According to Mayes, his medical records and testimony from his physician could have been used to bolster a trial strategy based on mental disease or defect.[2] In addtion, Mayes argues that "trial counsel could have used the doctor's testimony to substantially weaken and destroy the State's case because the trial counsel knew that the State's whole case rested upon the doctor's testimony and petitioner's medical records." (Doc. No. 11 at 4.) Mayes also contends that his medical records and his physician's testimony could have been presented at his sentencing, where they would have supported a downward departure – or, in the alternative, a sentence at the low end of the Guidelines range – based on his mental illness.

---

[2]Mayes also suggests that the prosecution deliberately withheld his medical records from the defense. However, there is no evidence indicating that the government or its agents either held or withheld such documents.

5

In compliance with directives of this court, Mayes's trial counsel, Kevin L. Butler, filed an affidavit addressing Mayes's allegations of ineffective assistance. (Doc. No. 13.) With specific regard to the instant claim, Butler avers as follows:

> Mr. Mayes asserts that I provided him ineffective assistance of counsel by failing to investigate and prepare a defense for trial. A complete reading of his petition reveals Mr. Mayes asserts my representation was ineffective for several reasons. First, I erroneously failed to request and obtain complete discovery/*Brady* information and subsequently based Mr. Mayes' trial strategy upon incomplete discovery. Second because of my failure to obtain and submit for the court's consideration his medical records, Mr. Mayes was not able to rebut the government's trial case and receive full and fair sentencing consideration. ...
>
> As to Mr. Mayes' first assertion, my case review indicates that discovery related to the charged offense and was completely provided. Mr. Mayes erroneously asserts that the government's case was grounded upon medical evidence and the government withheld information related to this issue. This is simply incorrect; at no stage of the proceedings did the government rely upon medical evidence. The government charged Mr. Mayes with being a felon in possession of a firearm and only presented evidence at trial and sentencing that supported that accusation. If this allegation is construed as an assertion the defense should have put on an "insanity" defense, as discussed *infra* based upon the case investigation, this was not a viable option.
>
> As to Mr. Mayes' second assertion, in preparation for trial and sentencing undersigned extensively investigated Mr. Mayes' medical and psychological history. Additionally, undersigned counsel consulted with Mr. Mayes' personal psychologist and funded an independent psychiatric examination. **No** information helpful for trial or sentencing was obtained as a result of the information gathered.

(Doc. No. 13 at 2-3.)

Weighing the cursory allegations in Mayes's § 2255 motion against the averments of counsel, and considering the record in this case, the court finds that Mayes has failed to show

that counsel's performance in this regard was deficient or that Mayes was prejudiced by counsel's performance. Counsel's affidavit establishes that he acted diligently in conducting discovery and in investigating and preparing a defense. Counsel investigated Mayes's psychological and medical history prior to trial, consulted with Mayes's personal physician, and funded an independent psychiatric examination before concluding that a trial strategy based upon mental disease or defect was not a viable option. Other than Mayes's self-serving allegation, this court has been presented with nothing to indicate that counsel failed to request or obtain full discovery from the government of documents and evidence related to the government's case. As counsel states in his affidavit, Mayes is simply incorrect in asserting that the government's case was grounded upon medical records or other evidence related to his treatment for a mental disease. At trial, the government presented a straightforward case showing that Mayes was stopped while operating a vehicle in which a loaded pistol was found. Mayes's counsel presented a defense attempting to show that the gun did not belong to Mayes and that Mayes was unaware of its presence in the vehicle. Mayes points to nothing in his medical records which might reasonably undermine counsel's conclusion that an insanity defense was not viable in his case.

    Nor does Mayes show a reasonable likelihood that testimony beneficial to him might have been obtained from his treating physician. The transcript of the sentencing proceedings reflects that Mayes's counsel spoke to Mayes's physician prior to sentencing in an effort to determine whether he might provide mitigating evidence concerning Mayes's mental

condition. However, counsel did not present testimony from the physician when it became apparent that he could not provide testimony beneficial to Mayes. Counsel did, however, introduce Mayes's medical records at sentencing and argued for a downward departure or other sentence reduction based on Mayes's "significantly reduced mental capacity."[3] (*Sentence Hearing* at 2-5.) The medical records, which indicated that Mayes's physician had diagnosed him with a schizophrenic disorder, were considered by the trial court and rejected as a basis for a downward departure or other mitigation. The trial court's ruling in this regard was upheld by the Eleventh Circuit on Mayes's direct appeal.

Great deference is shown to the choices of counsel that are dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994); *see Strickland v. Washington*, 466 U.S. 668, 689 (1984). This court cannot say that the performance of Mayes's counsel "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The record before this court indicates that counsel requested and obtained full discovery, conducted ample pretrial investigation, and prepared and pursued a defense that was reasonable under the facts as determined by counsel's diligent efforts on behalf of his client. Because Mayes fails to show that his counsel's performance was deficient and that such performance prejudiced his case, *see Strickland*, 466 U.S. at 687-89, he is not entitled to relief based on this claim of ineffective assistance of counsel.

### 3. Failure to Advise Regarding Applicable Law

---

[3] *See* U.S.S.G. § 5K2.13

Mayes contends that his counsel rendered ineffective assistance by failing to inform and advise him of the elements of the charged crime or the law applicable to his case. (Doc. No. 11 at 5-6.)

With regard to this allegation, Mayes's counsel states in his affidavit:

> I, as well as others in my office,[4] regularly and routinely met with Mr. Mayes to discuss with him the legal issues in his case [and] the relevant and applicable facts and consult with him regarding case strategy (i.e., this is reflected in the 323 hours my office invested in Mr. Mayes' represenation). Mr. Mayes' assertion that he was not fully advised by undersigned counsel or my office is without merit.

(Doc. No. 13 at 3.)

Counsel's affidavit reflects that he and members of his office spent extensive time with Mayes discussing the relevant legal and factual issues as well as case strategy. As noted by the government in its supplemental answer, the record also establishes that, prior to trial, Mayes was informed of – and indicated his understanding of – the charge against him, the elements the government would need to establish to prove him guilty, and the possible penalty he faced if convicted. (*Courtroom Deputy Minutes*, Doc. No. 10, Criminal Case No. 1:05cr12.) Mayes's cursory and self-serving allegation that counsel failed to advise him of the law applicable to his case fails to demonstrate deficient performance by counsel or any resulting prejudice. *See Strickland*, 466 U.S. at 687-89. This allegation of ineffective assistance of counsel lacks merit and does not entitle Mayes to any relief.

---

[4]Mr. Butler is employed as the First Assistant Federal Defender with the Federal Public Defender's office for the Middle District of Alabama.

**4.     Failure to Preserve Issues for Appellate Review**

Mayes's final contention is that his trial counsel "was ineffective for not preserving the issues raised at the trial level for the appellate counsel to raise on appeal." (Doc. No. 11 at 6.) However, he fails to point to any specific issue that his trial counsel failed to preserve for appellate review. Moreover, the record reflects that the issues raised by Mayes's appellate counsel were in fact raised and properly preserved by trial counsel. Once again, Mayes fails to demonstrate deficient performance by counsel or any resulting prejudice. *Strickland*, 466 U.S. at 687-89. Therefore, he not entitled to any relief based on this allegation of ineffective assistance of counsel.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Mayes be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before December 4, 2008.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of

plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

**Done this 21st day of November, 2008.**

   /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE